38839. WILKINSON v. CLARK.

DECIDED MAY 24, 1961.

*W. George Thomas,* for plaintiff in error.

Mrs. L. C. Clarke, *pro se,* contra.

JORDAN, Judge. We must agree with the trial court in dismissing the contempt for the reason stated in its order. *Code Ann.* § 38-1201, as amended by Ga. L. 1959, pp. 425, 443, reads as follows: "In accordance with the provisions of Chapter 38-21, discovery may be had from the opposite party, either nominal or real, in any case pending in any court. Discovery may also be had from defendants in fi. fa. as to the property from which executions may be satisfied in the same manner as if said action was pending in the court to which such executions are returnable." Clearly under the language of this Code section, discovery can only be had under its provisions from defendants in fi. fa. after conclusion of the action, and this relating only to property from which an execution might be satisfied.

This is made clearer by examination of the title to the act of the General Assembly of 1955 amending this section which reads as follows:

"An Act to amend Section 38-1201 of the Code of Georgia of 1933 relating to discovery at law, by adding to said section a provision providing that discovery at law may be had from *defendants in fi. fa.* as to the property from which executions may be satisfied; to repeal conflicting laws; and for other purposes." Ga. L. 1955, p. 577. (Italics ours).

The plaintiff in error contends that the use of the language "as if said action was pending" in *Code* § 38-1201, when construed with *Code Ann.* § 38-2101 (a) dealing with depositions pending action, gives him the right to take the testimony of some person other than a defendant in fi. fa. We think this language applies only to the manner in which the deposition of the defendants in fi. fa. must be taken and does not have the effect of broadening this section to include persons other than defendants in fi. fa. in actions which have been completed.

Mrs. L. C. Clark, not being a defendant in fi. fa., was not required to give her deposition under the provisions of this Code section in the instant case and the court did not err in dismissing the contempt rule against her.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*