42868. MUNN v. MUNN.

SUBMITTED JUNE 8, 1967—DECIDED SEPTEMBER 8, 1967.

298

*Meyers & Flowers, Stuart Meyers, Ed B. Flowers,* for appellant.

QUILLIAN, Judge. In considering this case we reiterate the following basic principles. Under Georgia law, "discovery may . . . be had from defendants in fi. fa. as to the property from which executions may be satisfied in the same manner as if said action was pending in the court to which such executions are returnable." *Code Ann.* § 38-1201 (Ga. L. 1955, p. 578; Ga. L. 1959, pp. 425, 443). In such case information as to the defendant in fi. fa.'s ownership of property, engagement in business, holdings of stock, employment, salary, other income, bank accounts, transfers of property and tax returns are all legitimate subjects of inquiry. *Bradley v. Coach & Six Restaurants,* 112 Ga. App. 278, 280 (2) (145 SE2d 55). As held in that case: "Any question that seeks information which would lead to any property or holdings of the defendant in fi. fa. which are subject to levy to satisfy the judgment against him is pertinent and allowable." Since the Georgia discovery procedure was adopted from the Federal Rules of Civil Procedure, where there are no Georgia Court decisions, Federal decisions, while not binding as precedents, may be persuasive (*Reynolds v. Reynolds,* 217 Ga. 234, 243 (123 SE2d 115)) and it is appropriate that we resort to Federal cases construing these rules. *Moore v. Atlanta Transit System,* 105 Ga. App. 70, 72 (123 SE2d 693); *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442). Where objections are made to interrogatories, "the burden of persuasion is on the objecting party to show that the interrogatories should not be answered." 4 Moore, Federal Practice, 2d Ed., § 33.27, p. 2415. In passing on the objections the trial judge has a discretion as to the disposition he makes, which the appellate court should not disturb absent an abuse of such discretion. 4 Moore, Federal Practice, 2d Ed., § 33.27, pp. 2416, 2420. With these precepts before us we now consider the objections urged to the interrogatories.

■ The first objection was to the interrogatories as a whole on the ground that the continued propounding of interrogatories was harassing, burdensome, and called upon the defendant to answer inquiries that were altogether irrelevant, in that the questions did not specify assets available to satisfy the judgment obtained against him, nor were they reasonably calculated to lead to the discovery of assets.

While many of the questions contained in the second interrogatories cover ground similar to that of the first, they seek more particularity or expansion of the areas delved into by the first interrogatories. The inquiries seek greater detail and to encompass areas not probed in the former interrogatories. For example, the first interrogatories contained a question concerning what present litigation the defendant in fi. fa. was involved in, while the second interrogatories quizzed him as to prior litigation; similarly, the first interrogatories inquired as to whether the defendant in fi. fa. transferred title after January 5, 1965, while the second sought information as to transfer of title prior to that date. In short, the second interrogatories sought to plug "loopholes" in the first. Since many questions incorporated in the second interrogatories were not subject to the general objections made in the first ground, the trial judge erred in sustaining that ground.

■ The second objection was addressed to questions denominated 1, 2 and 3, which inquired as to the appellee's date of birth, parents, and information relative thereto, the addresses of every place he lived and previous litigation in which he was involved, on the grounds that: the questions were irrelevant, immaterial, and without the contemplation of the statute authorizing discovery (*Code Ann.* § 38-1201).

While they might be subject to a proper objection pointing out wherein the questions were irrelevant, immaterial, and without the contemplation of the statute, the objections urged herein were insufficient. As pointed out in the commentaries on the Federal Rules a general objection such as a mere statement that interrogatories are irrelevant and immaterial is not sufficient. 4 Moore, Federal Practice, 2d Ed., § 33.27, pp. 2414, 2415; 7 Cyclopedia of Federal Procedure, 3rd Ed., § 25.505, pp. 494, 495,

and cases cited. The trial judge erred in sustaining the second ground of the motion to quash.

■ Grounds 3 and 5 may be combined for disposition. They attack interrogatories 4, 5, 8 and 18, which relate to whether the appellee's wife owned business interests or property, on the grounds that: the law does not afford the plaintiff the right to inquire respecting the assets of any third party; such inquiry is not authorized by law; the answers sought had been previously inquired into by the first interrogatories.

The Georgia statute specifically provides: "Discovery may . . . be had from defendants in fi. fa. *as to the property from which executions may be satisfied.*" (Emhasis supplied.) *Code Ann.* § 38-1201. In passing upon the provisions of a similar Federal statute, it has been pointed out since there is no right to subject to a judgment property of persons other than the judgment debtor, there is no commensurate right to require disclosure of others' assets. Burak v. Scott, 29 FSupp. 775. This court has held: "Clearly under the language of this Code section, discovery can only be had under its provisions from defendants in fi. fa. after conclusion of the action, and this relating only to property from which an execution might be satisfied." *Wilkinson v. Clark,* 103 Ga. App. 741, 742 (120 SE2d 357). Thus, construing the Georgia statute we hold, in this case, the property of a third party is not a proper subject of inquiry. The trial judge did not err in sustaining Grounds 3 and 5, insofar as the questions complained of related to the wife's property.

■ The fourth ground complains that inquiries into gifts made to concerns since January 5, 1965, are irrelevant and outside the contemplation of the statute. Beside noting this objection is subject to the same infirmity as the second ground, to wit: too general to be sufficient, we point out that gifts (transfers of property) made since the judgment, or in contemplation thereof, would be subject to inquiry for possible further scrutiny. *Bradley v. Coach & Six Restaurants,* 112 Ga. App. 278, 280, supra.

■ The sixth ground moves to suppress the remaining interrogatories on the grounds that they were either irrelevant, immaterial and unauthorized by law or had been fully answered previously. As explained in the first division of this opinion,

many of the second interrogatories made inquiry in greater depth than previously. Furthermore, though repetitiousness and redundancy in interrogatories has been deemed objectionable (Payer, Hewitt & Co. v. Bellanca Corp., 26 F.R.D. 219), the fact that some questions are somewhat duplicative, without more, does not subject them to objection. Schotthofer v. Hagstrom Constr. Co., 23 F.R.D. 666; Khedouri v. S. S. Aram J. Pothier, 15 Federal Rules Service 33.312, case 1. Moreover, as held in the second division of this opinion, objections predicated on the basis that certain questions are irrelevant and immaterial are insufficient.

The trial judge properly sustained Grounds 3 and 5 of the motions to quash, but erred in not overruling Grounds 1, 2, 4 and 6.

*Judgment affirmed in part; reversed in part. Jordan, P. J., and Deen, J., concur.*