## 50066. JERNIGAN v. COLLIER.

EVANS, Judge.

On December 18, 1970, Shirley Jernigan sued Lena B. Collier for personal injury and damage arising out of a collision of automobiles. Defendant was served and filed defensive pleadings, and subsequently died on January 14, 1972. On July 11, 1972, her death was suggested of record by counsel who represented the deceased, but no substitution of parties was made.

On April 13, 1972, costs were paid in this suit, and plaintiff filed another suit, substantially in the same form and substance, against the executor of the estate of Lena B. Collier, deceased. Motion for judgment on the pleadings was granted to defendant, and plaintiff appealed.

This court, in a divided opinion, in *Jernigan v. Collier,* 131 Ga. App. 162 (205 SE2d 450), affirmed in part without prejudice to the rights of the parties in the case which was still pending in the lower court. Counsel for *the deceased defendant* then moved to dismiss, and plaintiff moved to substitute *the executor of the estate as defendant.* The lower court granted defendant's motion to dismiss because there had been no motion to substitute the proper party within 180 days from the service of the suggestion of the fact of death, and more than two years had passed without any motion to substitute. The court also stated that no justification for the delay had been presented. Plaintiff appeals. *Held:*

"Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death . . . the action shall be dismissed as to the deceased party." Code Ann. § 81A-125 (a) (1). Here, almost two years had passed after the death was suggested, and under the statute, the court had the right to dismiss as Code Ann. § 81A-125 (a) (1) provides that, "the action shall be dismissed." This is true regardless of whether or not the alleged counsel for the deceased would be authorized to make the motion to dismiss. (Note: This motion was made by counsel for the *deceased,* and not counsel for the *Estate of the Deceased,* which plaintiff was seeking to substitute as proper party.)

A judgment that is right for any reason cannot be reversed. *Sims T. V. v. Fireman's Fund Ins. Co.*, 108 Ga. App. 41, 43 (131 SE2d 790), and as was so succinctly stated by Justice Bleckley in *Lee v. Porter*, 63 Ga. 345, 346: "The human mind is so constituted that in many instances it *finds the truth* when wholly unable to *find the way* that leads to it.

"The 'pupil of impulse, it forced him along,
His conduct still right, with his argument wrong;
Still aiming at honor, yet fearing to roam,
The coachman was tipsy, the chariot drove home.' "

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 14, 1975 — DECIDED FEBRUARY 12, 1975 — REHEARING DENIED MARCH 4, 1975 —

*Albert B. Wallace, William R. L. Latson,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Arnold Wright, Jr.,* for appellee.