## 29963. JERNIGAN v. COLLIER.

HILL, Justice.

Certiorari was granted to interpret Code Ann. § 81A-125 (a) (1) concerning substitution upon the death of a party, which section has not heretofore been interpreted by this court. It has been considered in two decisions by the Court of Appeals—connected cases arising out of the same incident, first in *Jernigan v. Collier,* 131 Ga. App. 162 (205 SE2d 450) (1974), and later in *Jernigan v. Collier,* 134 Ga. App. 137 (213 SE2d 495) (1975), the case in which certiorari was granted.

The Code section in issue, Code Ann. § 81A-125 (a) (1), provides: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in section 81A-105 and upon persons not parties in the manner provided in section 81A-104 for the service of a summons. Unless the motion for substitution is made not

later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service on the motion, the action shall be dismissed as to the deceased party."

The issues before us are: (1) Does the provision which states that "the action shall be dismissed" result in automatic dismissal, or does it mean that dismissal shall be by court order? (2) If such dismissal occurs only upon court order, is the entry of such order mandatory upon the court, or discretionary? (3) If dismissal is discretionary, did the trial court abuse its discretion in ordering dismissal of this case? (4) If the order of dismissal was proper, was it an adjudication such as would bar the bringing of another suit?

It is quickly apparent that the Code section alone does not answer all of the questions before us.

The pertinent facts are: On March 1, 1969, Shirley Jernigan and Lena Collier were involved in an automobile accident. Shirley Jernigan filed suit against Lena Collier on December 18, 1970 (this suit will be identified as the "first suit").

Lena Collier died January 14, 1972, and this fact was suggested of record in the first suit on July 11, 1972. Nine months (approximately 270 days) passed without further action in the first suit.

On April 13, 1973, Shirley Jernigan's newly retained counsel paid the costs in the first suit (it was not dismissed of record, voluntarily or otherwise)[1] and filed suit against Frank S. Collier, executor, upon the same cause of action (hereafter identified as the "second suit").

Mr. Collier's motion for judgment on the pleadings in the second suit was granted and plaintiff appealed. In a divided opinion, the Court of Appeals in *Jernigan v. Collier,* 131 Ga. App. 162, supra, interpreted Code Ann. § 81A-125 (a) (1) as not resulting in automatic dismissal 180 days after suggestion of death upon the record. Finding that the first suit thus was still pending, the

---

[1]A different case might have been presented for review if the first suit had been dismissed pursuant to Code Ann. § 81A-141 (a).

Court of Appeals on March 6, 1974, affirmed the dismissal of the second suit without prejudice to the rights of the parties in the first suit.

Motion to dismiss was then made in the first suit on March 8, 1974, and on March 29, 1974, plaintiff moved to substitute Frank Collier, executor, for Lena Collier, deceased. The trial court granted the motion to dismiss on the ground that there had been no motion for substitution within 180 days of the suggestion of death of Lena Collier and no justification for delay had been presented.

On plaintiff's appeal from the order dismissing the first suit, the Court of Appeals affirmed in *Jernigan v. Collier,* 134 Ga. App. 137, supra, and certiorari was granted because the Court of Appeals in its second decision appeared to treat the trial court's order of dismissal as being based upon two alternative grounds, the first of which was being affirmed. We read the trial court's order of dismissal as a whole and on that basis we affirm.

1. Where no motion for substitution is made within 180 days after death is suggested of record, dismissal is not automatic; to effect dismissal the entry of an order is required. *Jernigan v. Collier,* 131 Ga. App. 162, supra. This interpretation is consistent with the interpretation of Rule 25 (a) (1), F. R. Civ. P., which is practically identical to Code Ann. § 81A-125 (a) (1) except as to the time allowed for making the motion to substitute. See Staggers v. Otto Gerdau Co., 359 F2d 292 (2d Cir. 1966); Yonofsky v. Wernick, 362 FSupp. 1005 (S.D.N.Y. 1973); Vandervelde v. Put & Call Brokers & Dealers Assn., 43 FRD 14 (S.D.N.Y. 1967); 7A Wright & Miller, Federal Practice and Procedure: Civil, p. 656, § 1955; 3B Moore's Federal Practice (2d Ed.) 25-271, § 25.06 [3].

On the other hand, Code Ann. § 81A-141 (e) is explicit in providing that any suit in which no written order is taken for five years "shall automatically stand dismissed . . ." That section is not authority for the proposition that Code Ann. § 81A-125 (a) (1) similarly provides for automatic dismissal. See also Code Ann. § 3-512.

Construing Code Ann. § 81A-125 (a) (1) strictly so as to result in automatic dismissal would be contrary to the

spirit of the Civil Practice Act, Code Ann. § 81A-101, and the decisions construing its other provisions. In fact, Code Ann. § 81A-141 (b) shows that when a plaintiff fails to move for substitution, then "For failure of the plaintiff to prosecute or to comply with this Title . . . , a defendant may move for dismissal . . . "

2. It would seem that any dismissal which is not automatic, but which requires the entry of an order by the court, would permit the court some discretion in entering such an order. Otherwise, the entry of such an order would be a superfluous, ministerial act. This reasoning is required in this case by the Civil Practice Act itself.

Code Ann. § 81A-106 (b) provides that "When by this title or by a notice given thereunder . . . an act is required or allowed to be done at or within a specified time . . . the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Construed together, Code Ann. §§ 81A-125 (a) (1) and 81A-106 (b) (2) provide that when motion for substitution is made more than 180 days after death is suggested of record, the court may in its discretion permit the motion for substitution where the failure to file such motion was the result of excusable neglect.

We conclude that Code Ann. § 81A-125 (a) (1) provides that dismissal thereunder shall be effectuated by court order and that such order is discretionary with the court after 180 days upon a showing of excusable neglect.

3. In the case before us, having failed to act during the first 180 days, plaintiff would be required to show excusable neglect from the date of suggestion of death on July 11, 1972, until the motion for substitution on March 29, 1974. Although the period while the second suit was pending, April 13, 1973 to March 16, 1974, accounts for much of this time, the critical period from July 11, 1972 to April 13, 1973, the first 180 days following the suggestion of death and thereafter, is unaccounted for. Thus, the trial court did not abuse its discretion in denying the motion to substitute and in dismissing the first suit.

4. Plaintiff's final contention is that a dismissal by order following motion and hearing on the issue of

excusable neglect is not a dismissal on the merits (i.e., another suit may be instituted, or as here the first suit may be revived). This contention was rejected in *Jernigan v. Collier,* 131 Ga. App. 162, which we approve. Where the plaintiff has failed to timely move for substitution and has had a hearing and adverse determination on the issue of excusable neglect, a dismissal is, as it should be, upon the merits, because there is no reason or justification for entertaining yet another suit after the matter of excusable neglect has been adjudicated.[2]

As we have seen, where a plaintiff fails to make a timely motion for substitution as required by Code Ann. § 81A-125 (a) (1), a motion to dismiss pursuant to Code Ann. § 81A-141 (b) is in order. At the hearing of that motion to dismiss, the plaintiff may show excusable neglect under Code Ann. § 81A-106 (b) (2), but upon plaintiff's failure to satisfy the requirements of that section, the motion to dismiss made pursuant to Code Ann. § 81A-141 (b) should be granted.

The grant of such motion to dismiss "operates as an adjudication upon the merits" under § 81A-141 (b) unless the order of dismissal specifies otherwise.

Having found that pursuant to Code Ann. § 81A-141 (b) an order of dismissal entered upon a motion to dismiss for failure to make substitution operates as an adjudication upon the merits, one further matter deserves consideration. Code Ann. § 81A-141 (b) excludes from dismissals upon the merits dismissals for lack of indispensable parties.

However, the death of a defendant does not create a "lack of an indispensable party" within the meaning of Code Ann. § 81A-119 nor within the meaning of Code Ann. § 81A-141 (b). Code Ann. § 81A-119 relates to the possible joinder of additional parties needed for a just adjudication, whereas Code Ann. § 81A-125 (a) (1) relates to the mandate that the parties before the court be in life. If we were to hold that the death of a defendant created a lack of an indispensable party, then a motion to dismiss for lack of an indispensable party pursuant to Code Ann. §

---

[2]See Footnote 1 above.

81A-112 (b) (7) could be made instanter at the time of death, thereby rendering meaningless the 180-day grace period established by Code Ann. § 81A-125 (a) (1). We therefore conclude that a defendant's death does not result in a lack of an indispensable party so as to render an order under Code Ann. § 81A-141 (b) an adjudication not upon the merits.

For the reasons stated above, the judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1975 — DECIDED SEPTEMBER 2, 1975.

*Albert B. Wallace,* for appellant.
*Arnold Wright, Jr., Dan B. Wingate,* for appellee.