### 54415. MULLIS v. BONE et al.

SHULMAN, Judge.

This appeal presents for the first time in Georgia the question of the sufficiency of a suggestion of death of a party. Mullis brought suit for specific performance of a written contract for the sale of real estate, or for damages in lieu thereof. Paul Bone was made a defendant because he executed the contract and held title to the land. Mrs. Bone was included as a defendant because she was asserting an interest in the land based on a pending divorce action. Mrs. Bone filed an answer, a counterclaim and a motion to dismiss. Paul Bone filed nothing and allowed the suit to go into default. Mullis survived the motion to dismiss and successfully opposed Paul Bone's motion to open the default. The order denying Mrs. Bone's motion stated that her divorce action had been dismissed by operation of law and that she had no valid claim to the property. Mullis subsequently amended his complaint to seek reformation of the sales contract and allowed Paul

Bone to file defensive pleadings, opening the default. A little over a year later, in November, 1975, Paul Bone died. Two and one-half months after his death, on January 22, 1976, the attorney who represented him filed and properly served on the parties a notice giving the date of Bone's death. Some four months later, in May, 1976, Mrs. Bone filed an amendment to her pleadings stating a new basis for her claim to the property which was the subject of the contract and the suit. In August, 1976, the executrix of Paul Bone's will filed a motion to dismiss the complaint as to Paul Bone for failure to move to substitute a personal representative for Bone within the 180 days allowed by Code Ann. § 81A-125 (a) (1). In September, Mrs. Bone filed a similar motion. Seven days later, September 15, 1976, Mullis moved for the substitution of the executrix as a party defendant. Those motions and an oral motion by Mrs. Bone to dismiss as to her were considered at one hearing. The resulting order, from which this appeal is taken, granted all the motions to dismiss and denied Mullis' motion for substitution. We affirm.

1. Code Ann. § 81A-125 (a) (1) provides for the substitution of ". . . the proper parties" for a party who dies during the pendency of a suit. The last sentence of that subsection establishes the time period during which a motion for substitution must be made: "Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." Appellant contends that there was no sufficient suggestion of death in this case for two reasons: (1) the notice did not name the proper party to be substituted for Bone and (2) the notice was signed by the attorney who had represented Bone, in his capacity as Bone's counsel.

Appellant's attack on the notice is based largely on the authority of Rende v. Kay, 415 F2d 983 (D.C. Cir., 1969). That case involved Rule 25 (a) (1) of the Federal Rules of Civil Procedure which is substantially the same as Code Ann. § 81A-125 (a) (1) except that the time period in the Georgia statute is 180 days, as opposed to 90 days

under the Federal Rule. The court in that case held that a ". . . suggestion of death, which was neither filed by nor identified a successor or representative of the deceased, such as an executor or administrator, was ineffective to trigger the running of the 90-day period provided by the Rule." Id. p. 984. The suggestion of death involved here exactly fits the description of the suggestion in Rende v. Kay. It read, "Notice is hereby given that Paul Bone, Defendant in the above-styled action, died on November 2, 1975." The title under the signature of the lawyer who filed the notice read, "Attorney for Defendant Paul Bone, Deceased." If Rende were controlling authority in this jurisdiction, we would be required to reverse the lower court. However, decisions of federal courts are persuasive authority only (*Munn v. Munn,* 116 Ga. App. 297, 298 (157 SE2d 77)), and we are not persuaded by Rende v. Kay, supra.

Our statute refers to the suggestion of death without detailing the form in which it must be filed,[1] except that it be ". . . a statement of the fact of the death. . ." Code Ann. § 81A-125 (a) (1). Appellant would not only have us engraft into this statute a requirement that the suggestion of death include an identification of the successor or representative of the deceased who may be substituted therefor but a requirement that the person filing notice be a party to the action or a successor or representative of a deceased party. This writer is opposed, generally, to the accretion of procedural requirements by judicial fiat. That is not to say that courts may not impose, in cases where a statute is silent as to details, procedures necessary to the preservation of justice and fair play. Compare *Cherry v. Gilbert,* 124 Ga. App. 847 (3) (186 SE2d 319) (1971) with Code Ann. § 81A-103. This, however, is not such a case.

---

[1] (1.) The Federal Rules of Civil Procedure provide in Form 30 a model for a suggestion of death: "A.B. [described as a party, or as executor, administrator, or other representative or successor of C.D., the deceased party] suggests upon the record, pursuant to Rule 25 (a) (1), the death of C.D. [described as party] during the pendency of this action." Although it would appear from the language in brackets that the drafters of Federal Rule

The basic rationale advanced by the court in Rende v. Kay for imposing on the person who files the suggestion a greater burden than is imposed by the language of the statute is fairness. The court was concerned that a literal construction of the statute would ". . . open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days." Id. p. 986. Appellant here urges that same rationale, but we reject it. In the first place, our statute provides twice as much time as Federal Rule 25 (a) (1). Secondly, the provisions of Code Ann. § 81A-106 (b), allowing extensions of time, alleviate the burden a literal construction places on the party who desires the substitution. The court in Rende discussed the analogous Federal Rule 6 (b) but did not consider its application to this situation.

Although our legal tradition places a premium on fairness, litigation still involves an adversary system. The burden of ascertaining the proper party to be substituted for a deceased litigant is properly placed on the party who would effect the substitution. We hold, therefore, that ". . . a statement of the fact of the death. . ." which includes the name of the deceased and the date of death is a sufficient suggestion of death as contemplated by Code Ann. § 81A-125 (a) (1) to trigger the 180-day period allowed by that statute for filing a motion for substitution.

Appellant's second attack on the sufficiency of the suggestion of death filed in this case is directed to the question of by whom must the suggestion be filed. Appellant insists it must be filed by a "proper party," i.e., someone already a party to the suit or a successor or representative of the deceased. The statute, however, imposes no such requirement. The reference to a "proper party" in the statute is concerned with who may be substituted for the deceased. While the statute provides that the *motion for substitution* may be made by ". . . any party or by the successors or representatives of the

---

25 (a) (1) expected that the suggestion would identify the proper party to be substituted, it must be noted that our legislature chose not to adopt that form.

deceased party. . .," it is silent as to the identity of the appropriate person to suggest the death on the record. Appellee cites, in support of the position that the attorney retained by the deceased is empowered to suggest the death, the duty owed by an attorney to report to the court the death of a client who is a party to pending litigation. Appellant responds with the principle that an agency relationship is dissolved upon the death of the principal. While that, as a general proposition, is true, we agree with appellee's view of the duty owed to the court by the attorney of a deceased litigant. We hold that the suggestion here was properly filed. Further support for this position is found in *Jernigan v. Collier,* 134 Ga. App. 137 (213 SE2d 495), affd. 234 Ga. 837 (218 SE2d 556). Although the sufficiency of the suggestion of death apparently was not questioned in that case, this court noted that it was filed by the attorney for the deceased defendant and went on to affirm an order granting a motion to dismiss under Code Ann. § 81A-125 (a) (1).

The rationale of Rende v. Kay, supra, has been rejected by the Supreme Court of Colorado also. That state has adopted the Federal Rules of Civil Procedure, with modifications, as has Georgia. In Farmers Ins. v. Dist. Court, 181 Col. 85 (507 P2d 865), the court held: "We decline to be persuaded by the rationale of Rende. In our view, an attorney for a deceased defendant has a duty to notify the court and the other parties in the action that his client has died; and further, we see nothing in our rules which could reasonably be a basis for requiring that notification of death of a defendant should include the identity of the deceased defendant's executor, administrator, or representative. It seems quite basic and reasonable that a plaintiff's attorney who receives notification of the defendant's death has the responsibility to promptly initiate the necessary inquiries to determine the identity of a person to be substituted for the deceased defendant, and to file a motion for substitution in accordance with our Rules of Civil Procedure." Id. 181 Col. p. 90.

The notice of death in this case, filed January 22, 1976, was in all respects sufficient to start the running of the 180-day period in which a motion to substitute may be

made. As no motion for substitution was made within that period, the trial court was correct in granting the motion of the executrix to dismiss as to Paul Bone.

2. One of appellant's enumerations of error is directed to the court's denial of his motion to substitute the executrix of Paul Bone's will. The motion for substitution was made 237 days after the filing of the suggestion of death, 57 days late. Two motions to dismiss had already been filed. Appellant made no request for an extension of time during the period and made no allegations of excusable neglect to justify an extension after the period. The time for making the motion having passed, the trial court was correct in denying the motion to substitute.

3. Appellant complains that appellee, Mrs. Bone, had no standing to move for dismissal as to Paul Bone because of a prior order holding that she had no claim to the property at issue. That argument must fail. This case is a multi-party action. For an order to be final in such a case, when it does not settle all the issues as to all the parties, there must be ". . . an express determination that there is no just reason for delay and . . . an express direction for the entry of judgment." Code Ann. § 81A-154 (b). There was no such determination and direction, and the order was ". . . subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Id. The order not being final, Mrs. Bone was still a party and was entitled to make any proper motion.

4. Appellant's final complaint is that the court erred in granting Mrs. Bone's oral motion to dismiss the complaint as to her. His argument, based on standing, was the same as in Division 3 of this opinion and is disposed of with the same response. Appellant's remaining argument against the granting of Mrs. Bone's motion presupposes the reversal of the portion of the order granting the motion to dismiss filed by the executrix. Since we affirmed that grant, this argument fails.

The order granting the motions to dismiss and denying the motion to substitute was proper in all respects.

*Judgment affirmed. Quillian, P. J., and Banke, J.,*

*concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED OCTOBER 4, 1977.

*Bush & Crowley, J. Wayne Crowley,* for appellant.
*J. Sewell Elliott, Mincey & Kenmore, David L. Mincey, Jr.,* for appellees.