55017. CENTRAL MUTUAL INSURANCE COMPANY et al. v. WOFFORD.

BANKE, Judge.

This case is before the Court of Appeals pursuant to our grant of appellants' petition for interlocutory review.

The appellee, Leslie Jo Wofford, sued James L. Galloway on March 16, 1973, to recover for injuries sustained in an automobile collision occurring on August 13, 1971. The appellant, Central Mutual Insurance Company was served as Mrs. Wofford's uninsured motorist carrier. On April 25, 1974, Central Mutual filed a suggestion of death of James L. Galloway upon the record, and service was made upon Mrs. Wofford's counsel. On October 30, 1974, Central Mutual filed its motion to dismiss for failure of Mrs. Wofford to substitute parties defendant within 180 days after suggestion of death upon the record as required by Code Ann. § 81A-125 (a) (1).

The trial judge scheduled a hearing on Central Mutual's motion for November 26, 1974. Instead of appearing at the hearing, Mrs. Wofford elected to dismiss her complaint voluntarily on October 31, 1974. See Code Ann. § 81A-141 (a). She refiled her action on November 7, 1974, pursuant to Code § 3-808, which permits renewal within six months of dismissal, notwithstanding the fact that the statute of limitation has expired.

Mrs. Wofford's second complaint was inartfully

drafted in that it again named James Galloway as a defendant. The trial judge ruled that, as filed, the suit was brought against a deceased party. He dismissed the complaint on March 28, 1977, subject to Mrs. Wofford's right to correct the complaint by amendment within 30 days. The complaint was so amended on April 27, 1977.

Appellant Central Mutual appeals the overruling of its motion to vacate the judge's order of April 27, 1977, reinstating Mrs. Wofford's complaint and to dismiss the amended complaint. Appellant John Wesley Weekes, as administrator of the estate of James L. Galloway, appeals the overruling of his motions to strike, to vacate the April 27th order, and to dismiss the complaint.

1. The primary issue in this case is whether a plaintiff's right to dismiss voluntarily any time before verdict (Code Ann. § 81A-141 (a)) is abridged by the filing of a motion to dismiss, based on plaintiff's failure to comply with Code Ann. § 81A-125 (a) (1). See *Jernigan v. Collier,* 234 Ga. 837, fn.1 (218 SE2d 556) (1975). The Supreme Court ruled in *Jernigan,* supra, that the failure to substitute parties within 180 days does not work an automatic dismissal, but that a court order of dismissal is required. Upon a showing of excusable neglect by the plaintiff, the trial judge has discretion to deny the defendant's motion to dismiss; but once ordered, the dismissal is on the merits. *Jernigan v. Collier,* supra; Code Ann. § 81A-106 (b) (2). There is, however, no prior Georgia authority determining the validity of Mrs. Wofford's dismissal in this situation where her rights under Code Ann. § 81A-141 (a) conflict with the procedures outlined in Code Ann. § 81A-125 (a) (1).

The appellants have argued strongly that Mrs. Wofford should be required to submit to dismissal on the merits for her failure to comply with Rule 25 (a) (1) of the Civil Practice Act, unless she can show excusable neglect. They rely on the fact that Rule 25 (a) (1) was specifically written to control the situation presented here whereas Rule 41 (a) is a statute of general application. Notwithstanding this argument, a literal reading of Rule 41 (a) permits no conclusion other than that Mrs. Wofford was entitled to dismiss in this instance since no verdict had been entered. Furthermore, the judiciary has impos-

ed only one limitation on the plaintiff's otherwise unqualified right to dismiss and that limitation is that the plaintiff cannot dismiss between the judge's announcement of his ruling and the entering of his judgment onto the record. See *Jones v. Burton,* 238 Ga. 394 (1) (233 SE2d 367) (1977). It cannot be said that the judge's act here, of setting a date for a hearing on Central Mutual's motion to dismiss (with prejudice) was equivalent to the rendering of a verdict by him; thus, there was no decisional or statutory bar preventing Mrs. Wofford from dismissing her suit.

In many instances federal decisions interpreting the federal rules of procedure are considered by this court in deciding questions arising under the CPA because of the similarities between the two sets of rules. See for example *Munn v. Munn,* 116 Ga. App. 297, 298 (157 SE2d 77) (1967). We have, however, been unable to find any federal decisions discussing the precise issue raised in this case. This is due in part to the fact that the federal rule on voluntary dismissal by a party plaintiff is much narrower than the corresponding Georgia rule. Under Rule 41 (a) (1) of the FRCivP a plaintiff can dismiss his complaint voluntarily only by serving notice before the defendant files his answer or moves for summary judgment.

There is one 1973 decision of the Fifth Circuit Court of Appeals which bears a factual similarity to the case now at hand. In Plains Growers, Inc. v. Ickes-Braun Glass Houses, Inc., 474 F2d 250 (5th Cir. 1973) (cited in 5 Moore's Federal Practice (2d Ed.) 41-101 ¶ 41.07), the Court of Appeals reversed the District Court's refusal to permit a plaintiff to dismiss voluntarily. At the time plaintiff sought dismissal, the defendant had already moved to dismiss for lack of personal jurisdiction and had challenged the service of process, but he had not answered or moved for summary judgment. The Court of Appeals noted that the trial court had not yet considered the defendant's motions and found that "[a] notice of voluntary dismissal filed after motions challenging the jurisdiction of the person of the defendant is not untimely under Rule 41 (a) (1)." Plains Growers, supra, p. 254.

This decision of the Fifth Circuit is in accord with the decision we feel is compelled by Rule 41 (a) of the CPA. The

fact that Rules 25 (a) (1) and 41 (a) seem to conflict in this particular situation does not give this court authority to constrict the legislature's grant to all plaintiffs (except those in suits involving class actions or receivers) of a right to dismiss their suits twice at any time before verdict without prejudice. For this reason, Mrs. Wofford's right to dismiss voluntarily was not abated by the filing of Central Mutual's motion to dismiss for failure to substitute parties defendant as required by Rule 25 (a) (1).

2. As previously stated, the trial judge granted appellants' motion to dismiss Mrs. Wofford's renewed complaint "because the suit was brought only against James L. Galloway, deceased . . ." In accordance with Code Ann. § 81A-117 (Real Party in Interest), he gave Mrs. Wofford 30 days to amend her complaint. Appellants now argue that the amendment was not valid since a suit void for being filed against a dead man cannot be corrected by amendment. They also claim that the amendment was barred by the statute of limitation.

A reading of Mrs. Wofford's renewed complaint reveals an attempt to sue the defendant's administrator because of the defendant's death.[1] The trial judge properly permitted Mrs. Wofford to correct her complaint in this case so as to comply with our rules of pleading. "[A]lthough the petition was not drawn with technical accuracy, when 'looking to the real substance of the suit, it is manifest that the suit is one brought by the minor through his father as next friend,' and further asserted that the petition 'was amendable. . .'" *Crabb v. Stone,* 106 Ga. App. 65, 68 (126 SE2d 284) (1962). The amendment was not barred by the statute of limitation as it related back to the date of filing her complaint in the renewed suit. Code Ann. § 81A-115 (c); *Gordon v. Gillespie,* 135 Ga. App. 369 (1) (217 SE2d 628) (1975); *Downs v. Jones,* 140 Ga. App. 752 (2) (231 SE2d 816) (1976).

---

[1] The plaintiff herein brings this complaint against James L. Galloway, deceased, who was a resident of this county and who was subject to the jurisdiction of this court and whose estate is represented by John Wesley Weekes, County Administrator, who may be served at 1 West Court Square, Decatur, Ga.

3. On motion for rehearing, Central Mutual has argued for the first time that Mrs. Wofford could not renew her suit under Code § 3-808 since the defendant in the renewed action was not a defendant in her original suit. See *Cornwell v. Williams Bros. Lumber Co.,* 139 Ga. App. 773 (2) (229 SE2d 551) (1976). It was necessary for her to substitute the deceased defendant's administrator as defendant before voluntarily dismissing her first suit in order to utilize Code § 3-808 as a means of avoiding the bar created by the expiration of the statute of limitation. See generally *Tuts v. Threlkeld,* 31 Ga. App. 452 (3) (121 SE 120) (1923). For this reason the order of the trial court reinstating Mrs. Wofford's complaint must be reversed.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 3, 1978 — DECIDED APRIL 19, 1978 —
REHEARING DENIED MAY 4, 1978 — CERT. APPLIED FOR.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, John H. Stanford, Jr.,* for appellants.
*Lewis, Bynum & Kell, Tom J. Lewis, Jr.,* for appellee.