## 56790. ANDERSON v. SOUTHEASTERN CAPITAL CORPORATION et al.

WEBB, Judge.

During the pendency of this suit on a note one of the defendants died and his executrix was substituted as a party defendant; and this is her appeal from a grant of summary judgment against the estate in favor of the lender. We affirm.

1. We find no merit in appellant's contention that the limitation period for moving for substitution of parties should be computed from the date of filing the suggestion of death rather than from the date of its service. CPA § 25 (a) (1) provides that an action shall be dismissed as to a deceased party unless a motion for substitution is made not later than 180 days after the death is suggested upon the record "by *service* of a statement of the fact of the death as provided herein for the *service* of the motion." (Emphasis supplied.) As to persons who are not parties, a classification which includes the executrix here, the section provides that service shall be made "in the manner provided in section 81A-104 for the service of a summons." The motion for substitution was not barred when the 180-day period is computed from the date of service as thus prescribed, and we find no favor with the executrix' contention that the "presumptions and inferences" in *Mullis v. Bone,* 143 Ga. App. 407 (238 SE2d 748) (1977), *Jernigan v. Collier,* 134 Ga. App. 137 (213 SE2d 495) (1975) (affd. 234 Ga. 837 (218 SE2d 556) (1975)), and *Central Mut. Ins. Co. v. Wofford,* 145 Ga. App. 836 (244 SE2d 899) (1978) compel us to begin the computation of the limitation period on the date of filing of the suggestion of death. See Dolgow v. Anderson, 45 FRD 470, 471 (1, 2) (E. D. N.Y. 1968).

2. An additional affidavit in support of the motion for summary judgment was properly allowed in the court's discretion pursuant to our recent ruling in *Wall v. C. & S. Bank,* 145 Ga. App. 76 (243 SE2d 271) (1978).

3. We find no issue of fact with respect to the defense that plaintiff was a joint venturer under the obligation which it sought to enforce. The fact that interest was to be computed upon a percentage of borrower's net

distributable cash flow, or percentage of net distributable profit if the property were sold, does not convert the relation of borrower and lender to that of joint venture. See *Gainesville Carpet Mart v. First Federal Savings &c. Assn.*, 121 Ga. App. 450 (174 SE2d 230) (1970).

4. Remaining contentions are without merit.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 17, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED NOVEMBER 20, 1978 —

*Hatcher, Irvin & Pressley, Henry M. Hatcher, Jr.*, for appellant.

*Webb, Young, Daniel & Murphy, Robert G. Young, David E. Betts, Morton P. Levine*, for appellees.