These appeals are by Dane Brown and Mary Gail Brown from an order of the trial court setting aside the appointment of an administrator ad litem and dismissing the claims against William V. Phifer, a deceased defendant.
The issues on appeal are as follows:
 1. Was it proper under Rule 25 (a)(1) of the Alabama Rules of Civil Procedure[1] for the attorney who represented defendant Phifer to suggest his death upon the record?
 2. Was the suggestion of death sufficient to trigger the running of the six-month period for filing a motion for substitution under Rule 25 (a)(1), A.R.Civ.P., despite a failure to include the name of a successor or representative of Phifer's estate?
We answer these questions favorably to the estate of Phifer and affirm the trial court's order dismissing the claim against Phifer and setting aside the appointment of an administrator ad litem.
The facts of the case are as follows:
In May 1980, appellants separately filed complaints in the Circuit Court of Jefferson County, Alabama, against Phifer and Harbert Construction Company. The suits arose out of an automobile accident that occurred in November 1979.
On March 1, 1981, Phifer died. Ten days later, Thomas R. Elliot, Jr., "as Attorney for William V. Phifer," filed a suggestion of death in the circuit court. He did not include in the suggestion the name of a successor or representative of the deceased's estate, since one had not been appointed. In fact, there were no assets in the estate.
On March 10, 1982, appellants' attorney filed an application for appointment of an administrator ad litem to represent Phifer's estate in the lawsuit. The court appointed Malcolm L. Wheeler, the General Administrator for Jefferson County.
On March 15, Elliot, "as former attorney for William V. Phifer," filed a motion to dismiss the claim against Phifer because the appellants had failed to file a motion for appointment of an administrator ad litem within six months after the suggestion of death upon the record, as prescribed by Rule 25 (a)(1), A.R.Civ.P. The motion to dismiss was granted. Subsequently, however, the trial court set aside the order granting the motion, denied the revival of the claim against Phifer, and dismissed that claim. On October 13, 1982, this order was made final pursuant to Rule 54 (b), A.R.Civ.P.
Appellants have conceded that if the suggestion of death was properly made under Rule 25, then the claim against Phifer was due to be dismissed. However, they rely on the authority ofRende v. Kay, 415 F.2d 983 (D.C. Cir. 1969), for an attack on the suggestion of death filed by Elliot. In Rende, the court considered whether the suggestion of *Page 523 
the death of a defendant, filed by defendant's counsel without identification of a successor or representative of the deceased, was sufficient to initiate the running of the 90-day period for filing a motion for substitution pursuant to Rule 25
(a)(1) of the Federal Rules of Civil Procedure. The court held that "the suggestion of death, which was neither filed by, nor identified a successor or representative of the deceased, such as an executor or administrator, was ineffective to trigger the running of the 90-day period provided by the Rule." Rende v.Kay, 415 F.2d at 984.
In support of its holding, the court in Rende cited a portion of the Committee Notes for the Federal Rules of Civil Procedure,[2] and also the form for suggestion of death recommended by the Advisory Committee.[3] On the basis of these sources, the court concluded that the Advisory Committee
. . . plainly contemplated that the suggestion emanating from the side of the deceased would identify a representative of the estate, such as an executor or administrator, who could be substituted for the deceased as a party, with the action continued in the name of the representative. . . . [And,] [a]lthough the attorney for the defendant was retained to "represent" the deceased as his counsel, he is not a person who could be made a party, and is not a "representative of the deceased party" in the sense contemplated by Rule 25 (a)(1).
415 F.2d at 985. For the reasons that follow, we are not persuaded that this authority should control our construction of Rule 25 (a)(1) of the Alabama Rules of Civil Procedure.
In contrast with the federal Committee Notes, neither the plain language of Rule 25 (a)(1), A.R.Civ.P., nor the Committee Comments to the rule indicate who may properly suggest upon the record the death of a party. Moreover, Frank W. Donaldson, a member of this court's Advisory Committee on Civil Practice and Procedure, has noted that in drafting Rule 25, A.R.Civ.P., "[t]here was no question whatsoever but that an objective of the Committee was to reveal and make plain that there is a duty of an attorney to suggest the death of his client upon the record." Donaldson, 4 Cum.-Sam.L.Rev. 210, 227 (1973). This objective of the Committee reflected a widespread concern regarding defense counsel's strategic failure to notify the court and opposing parties of a client's death. We approve the objective, and concur with those jurisdictions that have held that a suggestion of death filed by the attorney for a deceased party initiates the running of the period for filing a motion for substitution under Rule 25 (a)(1), if the suggestion is otherwise properly made. See Farmers Insurance Group v.District Court of the Second Judicial District, 181 Colo. 85,507 P.2d 865 (1973); Mullis v. Bone, 143 Ga. App. 407,238 S.E.2d 748 (Ct.App. 1977); King v. Tyree's of Tampa, Inc.,315 So.2d 538 (Fla.Dist.Ct.App. 1975). And, notwithstanding the general rule that an attorney's authority to act on behalf of a client ceases on the death of that client, we adhere to the view that the attorney for a party continues *Page 524 
to have a duty to the court after the demise of that client and, in discharge of that duty, must inform the court and other parties of the death. See Farmers Insurance Group v. DistrictCourt of the Second Judicial District, supra; Mullis v. Bone,supra.
We now address appellants' argument that Elliot's suggestion of death was not proper because it did not contain the name of a successor or representative of Phifer's estate. Appellants would have us adopt the Rende court's position that it is not correct to saddle a plaintiff with the responsibility of identifying the successor or representative of the estate of a deceased defendant. See 415 F.2d at 986. We decline to do so. Although the attorney for the deceased may be in the best position to know who the representative of the estate is, that is not a sufficient basis for requiring the attorney to identify that entity in a suggestion of death. We agree with the Georgia Court of Appeals, which said:
 Although our legal tradition places a premium on fairness, litigation still involves an adversary system. The burden of ascertaining the proper party to be substituted for a deceased litigant is properly placed on the party who would effect the substitution. We hold, therefore, that ". . . a statement of the fact of the death . . ." which includes the name of the deceased and the date of death is a sufficient suggestion of death . . . to trigger the 180-day period allowed . . . for filing a motion for substitution.
Mullis v. Bone, 143 Ga. App. at 410, 238 S.E.2d at 750. Therefore, having found no defect in the contents of Elliot's suggestion of death, we hold that it was the appellants' responsibility to seek substitution for Phifer prior to the expiration of the 6-month period which commenced upon the filing of the suggestion of death. Appellants' application for the appointment of an administrator ad litem was appropriate under the circumstances of this case, but untimely, for
 [i]t seems quite basic and reasonable that a plaintiff's attorney who receives notification of the defendant's death has the responsibility to promptly initiate the necessary inquiries to determine the identity of a person to be substituted for the deceased defendant, and to file a motion for substitution in accordance with our Rules of Civil Procedure.
Farmers Insurance Group v. District Court of the SecondJudicial District, 181 Colo. at 90, 507 P.2d at 867-68.
For the foregoing reasons, we affirm the trial court's order dismissing the claim against defendant Phifer.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."
[2] "Present Rule 25 (a)(1), together with present Rule 6 (b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of death. The hardships and inequities of this unyielding requirement plainly appear from the cases. * * The amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record. * * A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. If a party or the representative of the deceased partydesires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record. (Emphasis added.)" 415 F.2d at 985.
[3] "A.B. [described as a party, or as executor, administrator,or other representative or successor of C.D., the deceasedparty] suggests upon the record, pursuant to Rule 25 (a)(1), the death of C.D. [describe as party] during the pendency of this action. Added Jan. 21, 1963, eff. July 1, 1963. (Emphasis added.)" 415 F.2d at 985.