ALMON, Justice.
This is an appeal from a judgment of dismissal as to a deceased defendant made final pursuant to Rule 54(b), A.R.Civ.P. A suggestion of death was filed, more than six months elapsed, a motion to dismiss was filed, and the trial court granted the dismissal. Plaintiff/appellant argues that the suggestion of death was improperly made and was therefore ineffective to start the running of the six-month substitution period of Rule 25(a), A.R.Civ.P.
Big Red Elephant, a partnership, filed suit on March 26, 1982, for breach of an exclusive licensing agreement, against Paul W. Bryant and Golden Eagle Enterprises, Inc. On April 22, an answer and a counterclaim were filed on behalf of both defendants “by and through their attorney of record, Allen B. Edwards, Jr.” A “Suggestion of Death of Defendant Paul W. Bryant” was later filed, reading as follows:
“William C. Veal, Attorney for the Defendant suggests upon the record, pursuant to ARCP Rule 25, the death of defendant, Paul W. Bryant during the pen-dancy [sic] of this action.
“This the 20th day of September, 1983.”
The suggestion bears a certificate of service certifying that a copy “has been served upon all other counsel of record.” The case action summary sheet shows this suggestion of death as being filed on September 21, 1983.
On April 4, 1984, Big Red Elephant filed its own suggestion of Bryant’s death and a motion to substitute Paul W. Bryant, Jr., as executor of the estate of Paul W. Bryant, in place of defendant Paul W. Bryant. On April 20, “Defendant ... by and through its attorney, William C. Veal,” filed a motion to dismiss the action as to Paul W. Bryant for lack of a motion for substitution of a proper party for the deceased defendant.
The trial court granted the motion to dismiss, noting that “The appearance by attorney William C. Veal by the suggestion of death was his first appearance in this action_” The court further stated:
“Whether the suggestion of death filed September 21, 1983, was filed on behalf of the Defendant Golden Eagle Enterprises, Inc. or on behalf of the deceased party Defendant Paul W. Bryant is immaterial. The suggestion of death is effective to trigger the 180-day period allowed for the filing of a motion for substitution. Rule 25(a), A.R.C.P.; Brown v. Wheeler, 437 So.2d 521 (Ala.1983).”
Rule 25(a)(1) of the Alabama Rules of Civil Procedure reads:
*344 “If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by the service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.”
Big Red Elephant argues that, because the suggestion of death must be served “as provided herein for the service of the motion” for substitution, only a party or the successors or representatives of the deceased party may make a suggestion of death sufficient to start the running of the six-month period. It further argues that, because Edwards had not filed a motion to withdraw as counsel and Veal had not filed a notice of appearance for either defendant, Veal did not represent any party or the successors or representatives of the deceased party.
Although the procedure suggested in the second prong of Big Red Elephant’s argument would have been the better practice, the failure to follow it does not make the suggestion of death ineffective in this case. The trial court made a finding of fact that Veal was representing Golden Eagle Enterprises, “the only remaining and surviving Defendant,” when he filed the suggestion of death.
Veal purported to represent the defendant, and, because there had been no substitution of Bryant’s executor, there was only one defendant left in the case. If Veal had not in fact had authority to represent Golden Eagle, he was subject to fine and disbarment under the provisions of Code 1975, § 34-3-22. There is no allegation that he did not have such authority, and, in fact, he has filed an appellee’s brief on behalf of Golden Eagle.[1] After the notice of appeal was filed, Edwards filed in the circuit court a request to be allowed to withdraw as counsel. The trial court entered an order granting this request. Without ruling on whether the trial court had jurisdiction to enter this order after the notice of appeal had been filed, we note that these items of record show that Edwards had no objection to Veal’s representing the defendant, presumably even at the time he filed the suggestion of death.
Big Red Elephant also argues that the suggestion of death was ineffective because it did not state the date of death of the deceased defendant. This is immaterial for the purposes of Rule 25(a), because the time limitation runs from the date of filing the suggestion, not from the date of death. Finally, Big Red Elephant argues that, under the provisions of Rule 25(a) for service upon persons not parties, Veal should have served the suggestion on Bryant’s estate. Any such service upon the estate would have been Big Red Elephant’s burden as plaintiff. Brown v. Wheeler, 437 So.2d 521 (Ala.1983).
For the foregoing reasons, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ„ concur.

. After Veal filed the brief but prior to submission of the appeal, Paul W. Bryant, Jr., as executor, agreed that Veal- would represent his interest in seeking to have the judgment affirmed, because the estate could become a party by substitution if the dismissal were reversed.