## 71052. CHASTAIN et al. v. BAKER et al.
### (344 SE2d 472)

Carley, Judge.

Appellees petitioned the Probate Court of Clayton County for appointment as guardians of the person and property of their mother, Bessie L. Jenkins, whom they alleged to be incapacitated. Appellants, who are two other daughters of Mrs. Jenkins, filed a caveat to the petition and asked the Probate Court to appoint them, rather than appellees, as guardians. The probate court found that a guardian was required and that appellants should be appointed. Applying an implied trust theory to the evidence adduced before it, the probate court further found that the estate of Mrs. Jenkins included a $20,000 promissory note received by appellants from the sale of certain real property which had been conveyed to them by their mother. Accordingly, it appointed appellants as guardians subject to the posting of a $20,000 indemnity bond. See OCGA § 29-5-4 (1). Appellants appealed directly to this court. During the pendency of the appeal, a suggestion of Mrs. Jenkins' death was filed in the record before this court.

In the belief that the existence of an appellate court's initial jurisdiction even to hear a case was a necessary predicate to any determination concerning whether that case should nonetheless be dismissed on other grounds, we certified a constitutional question to the Supreme Court. We asked for instruction as to the constitutional validity of Georgia Laws 1984, p. 5268, § 1A(b), which provides that

appeals from the Probate Court of Clayton County are to be taken directly to this court or to the Supreme Court in the same manner in which appeals are taken from the superior courts. The Supreme Court, however, remanded the case to this court to determine whether the death of Mrs. Jenkins rendered the case moot. *Chastain v. Baker*, 255 Ga. 432 (339 SE2d 241) (1986).

Mrs. Jenkins having died, the controversy over the appointment of a guardian of her person and property no longer exists. "[T]he relation of guardian and ward is necessarily terminated by the death of either the guardian or the ward. . . ." *Harrison v. Tonge*, 67 Ga. App. 54, 57 (19 SE2d 535) (1942). Accordingly, either a reversal or an affirmance of the judgment of the probate court in the instant case would be merely advisory. Under OCGA § 5-6-48 (b) (3), the dismissal of an appeal is mandatory "[w]here the questions presented have become moot." Moreover, the instant appeal is not among those cases in which a moot issue will be decided because it is capable of repetition yet evades review. *United Food &c. Union v. Amberjack, Ltd.*, 253 Ga. 438 (321 SE2d 736) (1984). Even if there were issues addressed in the context of the instant appeal which may arise again in subsequent litigation between the parties, " '[t]he fact that the appellants might possibly derive some future benefit from a favorable adjudication on an abstract question . . . will not require this court to retain and decide the case. [Cit.]' [Cit.]" *National Council of Jewish Women v. Cobb County*, 247 Ga. 198, 199 (275 SE2d 315) (1981).

*Appeal dismissed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 7, 1986.

*Larry W. Russell*, for appellants.
*Everett D. Caldwell, Carolyn S. Weeks*, for appellees.