HOUSTON, Justice.
Douglas Cox sued Kenneth Winter, seeking damages based upon theories of open account, work and labor done, and breach of contract. Thereafter, Mr. Cox died. At some point prior to March 3, 1986, the phrase “Suggestion of Death of Plaintiff” was handwritten on the case action summary sheet. There is no evidence as to who did this, when it was done, or why it was done. No other “suggestion of death” was filed, and there was no evidence that a copy of the case action summary sheet was served on the parties. On August 14,1987, Betty Cox, Mr. Cox’s widow and the executrix of his estate, moved to be substituted as plaintiff. This motion was granted. Defendant made an oral motion to dismiss the complaint at the beginning of the trial, and made an oral motion for a directed verdict at the close of Ms. Cox’s case. The ground given for both motions was that Ms. Cox lacked standing to prosecute the action because she had not been timely substituted as plaintiff. No action was taken on the motion to dismiss; the motion for a directed verdict was overruled, and the jury returned a verdict in favor of Ms. Cox for $16,227.25. The defendant presents one argument on appeal: “The trial court erred in failing to dismiss the complaint because of the failure to substitute the plaintiff’s personal representative within six months after suggestion of his death.” We affirm.
Rule 25(a)(1), A.R.Civ.P., in pertinent part, provides:
“Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death [on the parties as provided in Rule 5, A.R.Civ.P.], the action shall be dismissed as to the deceased party.” (Emphasis supplied.)
There was no service of a statement of the fact of Mr. Cox’s death on any party in accordance with Rule 5, A.R.Civ.P., prior to Ms. Cox’s being substituted as plaintiff. Whatever may have been the import of the note on the case action summary sheet, and regardless of how it got there, it was not sufficient to initiate the running of the period for filing a motion for substitution under Rule 25(a)(1). There is no evidence that a copy of the case action summary *61 sheet containing that notation was served on any party at any time.
The defendant relies on Big Red Elephant v. Bryant, 477 So.2d 342 (Ala.1985); Henderson v. Briarcliff Nursing Home, 451 So.2d 282 (Ala.1984); and Brown v. Wheeler, 437 So.2d 521 (Ala.1983), in support of his position. These cases afford him little solace and no support. Brown v. Wheeler, supra, addressed the question of who may file the suggestion of death and it held that “ ‘[t]he burden of ascertaining the proper party to be substituted for a deceased litigant is properly placed on the party who would effect the substitution.’ ” 437 So.2d 524, quoting Mullis v. Bone, 143 Ga.App. 407, 410, 238 S.E.2d 748, 750 (1977). Henderson v. Briarcliff Nursing Home, supra, addressed the mandatory nature of Rule 25(a)(1). Big Red Elephant v. Bryant, supra, held that the suggestion of death did not have to include the date of the party’s death, and it addressed the question of who could file a suggestion of death. None of these cases is authority for the defendant’s contention that a notation on the ease action summary sheet by an unknown person, at an unknown time (but more than six months before the motion to substitute was filed), with nothing being served im, accordance with Rule 5, A.R. Civ.P., initiates the running of the period for filing a motion for substitution under Rule 25(a)(1). It does not, and the trial court did not err in not granting the defendant’s motion to dismiss and in denying his motion for a directed verdict.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.