## A99A0890. STEPHENSON v. INGRAM.
### (522 SE2d 500)

PHIPPS, Judge.

Martha Ray Stephenson sued Henry Ingram seeking damages arising from an automobile collision. Ingram was incapacitated by injuries suffered in the collision, and the court appointed a guardian ad litem to represent his interests in the case.

Ingram subsequently died. A suggestion of death was filed on October 14, 1996, and served on Stephenson's attorney. On October 14, 1997, Ingram's widow, as administratrix of his estate, acknowledged service of the suggestion of death.

On May 29, 1998, the administratrix filed a motion to dismiss, claiming Stephenson had failed to substitute her as a party within 180 days of the suggestion of death on the record. On June 17, 1998, Stephenson filed a response to the motion and a motion to substitute representative for the defendant.

The superior court denied Stephenson's motion to substitute the administratrix as defendant and granted the administratrix's motion to dismiss. Stephenson appeals. We affirm.

In its order granting the motion to dismiss the court found that the guardian ad litem relationship had terminated upon Ingram's death. The court found no excusable neglect by Stephenson in her failure to make a substitution of parties as required by OCGA § 9-11-25.

Stephenson claims the superior court abused its discretion in granting the motion to dismiss and denying her motion to substitute. She claims the court erred in strictly applying OCGA § 9-11-25 because a guardian was representing Ingram's interest in the case prior to Ingram's death. She disputes the court's finding that the guardian ad litem could not act on Ingram's behalf following his death. We disagree for the following reasons.

OCGA § 9-11-25 (a) (1) provides for the dismissal of an action against a deceased party if a proper party is not substituted for the deceased within 180 days following the time the death is suggested upon the record by service of a statement of a fact of the death. See *Anderson v. Southeastern Capital Corp.*, 148 Ga. App. 164 (1) (251 SE2d 55) (1978) (180-day period computed from date of service of the suggestion of death rather than the filing). The suggestion of Ingram's death was filed in the record, all interested parties notified and served, and the applicable time period for substitution of parties expired. Dismissal of the case by the superior court was consistent with the statutory requirements. See *Mullis v. Bone*, 143 Ga. App. 407 (238 SE2d 748) (1977) (trial court correct in granting motion to dismiss because no motion to substitute was made during statutory period).

OCGA § 9-11-6 (b) authorizes the court to extend the period allowed for substituting a proper party if Stephenson can show her failure to act was the result of excusable neglect. *Jernigan v. Collier*, 234 Ga. 837, 840 (2) (218 SE2d 556) (1975).

Stephenson argues that the presence of an acting guardian ad litem distinguishes this situation from those in which no representative was acting on a defendant's behalf prior to his death. She claims there was understandable confusion concerning who was representing Ingram's interest in the case.

A guardianship ad litem terminates upon the death of the ward. OCGA § 29-5-9 (e); see *Chastain v. Baker*, 178 Ga. App. 649 (344 SE2d 472) (1986). The guardian ad litem could not have acted for Ingram following his death, and there is no indication in the record that the guardian did, or that Stephenson was induced to believe that the guardian was acting on Ingram's behalf. To the contrary, a letter from defendant's counsel to the court, and copied to Stephenson's counsel more than a year before the filing of the motion to dismiss, stated that defendant's counsel no longer considered Ingram's guardian to be participating in the case.

We find nothing in Stephenson's arguments or the record that would excuse Stephenson's failure to make a timely substitution of parties. See, e.g., *King v. Green*, 189 Ga. App. 105 (375 SE2d 53) (1988). The court has wide, though not unrestrained, discretion in extending the time in which a substitution of parties may be made.

See *Jones v. Howard*, 153 Ga. App. 137, 140 (1) (264 SE2d 587) (1980). The superior court did not abuse its discretion in finding no excusable neglect. *Franklin v. Collins*, 167 Ga. App. 596 (307 SE2d 66) (1983).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 10, 1999.

*Harrison & Llop, Steven M. Harrison*, for appellant.
*McKenney, Jordan & Carey, John D. Carey*, for appellee.