## 34536. ANDERSON v. SOUTHEASTERN CAPITAL CORPORATION.

NICHOLS, Chief Justice.

Certiorari was granted to review the first division of the opinion of the Court of Appeals in *Anderson v. Southeastern Capital Corp.,* 148 Ga. App. 164 (251 SE2d 55) (1978).

Southeastern Capital Corporation sued Joe H. Anderson and others on a note. Joe H. Anderson died during the pendency of the action. Southeastern filed a statement of the fact of the death and motion to substitute the executrix for the decedent. The motion and statement were served by mail upon an attorney who had not appeared in the case and who was alleged to be the attorney for the executrix, and upon counsel of record for the deceased. Thereafter, Southeastern obtained an order directing that the executrix be served personally with the motion, statement, and all pleadings in the case, and requiring her to show cause why she should not be made a party. Service was perfected upon the executrix by a deputy sheriff some nine months after the filing of the motion and statement.

The executrix contends that the motion to substitute her as party defendant was not timely under Code Ann. § 81A-125 (a) (1) because it was made after the passage of 180 days from the date when the death of Joe H. Anderson was suggested upon the record. Her contention is that death was suggested of record when the statement of the fact of the death was filed. The Court of Appeals affirmed the trial court, holding that the motion for substitution was timely filed because the death of Joe H. Anderson had not been suggested upon the record until the executrix had been served personally with the statement of the fact of the death.

The Civil Practice Act most specifically states that "death is suggested upon the record by *service* of a statement of the fact of the death as provided herein for

the service of the motion" for substitution of parties. (Emphasis supplied.) Code Ann. § 81A-125 (a) (1). Service of the motion for substitution of parties as provided for in the same section of the Act is to be effected "on the parties as provided in section 81A-105 and upon persons not parties in the manner provided in section 81A-104 for the service of a summons." Accordingly, if the Civil Practice Act requires or permits the suggestion of death to be served upon the executrix by the movant who is seeking substitution of parties, the Court of Appeals was correct in holding that service was not accomplished until the statement of the fact of the death was personally served upon her.

Nothing in the Act, however, *requires* of the movant seeking substitution of a party that he make a suggestion of death as a prerequisite or condition to the filing of his motion for substitution. See Dolgow v. Anderson, 45 F. R. D. 470 (E.D.N.Y. 1968); 3B Moore's Federal Practice, ¶ 25.06[2.-1]. Rather, the procedure for suggestion of death is for the protection of the prospective respondent to the motion for substitution of parties and is for the purpose of enabling this prospective respondent to place a limitation upon the period of time during which the movant may seek substitution of parties. See Anderson v. Yungkau, 329 U. S. 482 (67 SC 428, 91 LE 436) (1946). When the motion for substitution is made more than 180 days after death is suggested of record, the court in its discretion may permit the motion to be made where the failure to file the motion was a result of excusable neglect. *Jernigan v. Collier,* 234 Ga. 837 (218 SE2d 619) (1975). The burden is upon the executrix, not upon the movant, to invoke the limitation. See National Equipment Rental v. Whitecraft Unlimited, 75 F. R. D. 507, 509 (E.D.N.Y. 1977).

The executrix could have suggested upon the record the death of her decedent in accordance with the procedures set forth in Code Ann. § 81A-125 (a) (1), but she did not do so. See *Jernigan v. Collier,* supra; *Mullis v. Bone,* 143 Ga. App. 407 (238 SE2d 748) (1977). The question thus becomes one of whether or not the Civil Practice Act *permits* the movant to suggest death upon the record. Nothing in the Act expressly states that he may not suggest death upon the record. Although the filing of

the statement of the fact of the death by the plaintiff-movant was anomalous, unnecessary and gratuitous, since the effect of its filing was to limit the time during which the motion for substitution could be made, nevertheless, the statement was in proper form; and by its service upon the executrix, pursuant to Code Ann. § 81A-104, the 180-day period of limitation was triggered. The Court of Appeals therefore properly reached and decided the question of whether death had been suggested upon the record by personal service upon the executrix of the statement of the fact of the death.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 13, 1979 — DECIDED APRIL 5, 1979 — REHEARING DENIED APRIL 17, 1979.

*Hatcher, Irvin & Pressley, Henry M. Hatcher, Jr.,* for appellant.

*Robert G. Young, David E. Betts, Robert O. McCloud, Jr., Morton P. Levine,* for appellee.