## 58350. BERRY v. MORTON et al.

BIRDSONG, Judge.

Appellant Berry brought action against Morton for injuries allegedly received when appellee Morton's vehicle, driven by Demmons, struck Berry as he walked down the street. Appellee Morton died during the course of litigation. The appeal is from the trial court's dismissal of Berry's action against Morton for failure to substitute a proper party pursuant to Code § 81A-125(a) (1). *Held:*

1. The appellee's motion, filed February 28, 1979, prayed dismissal on the grounds that the defendant Morton died on April 11, 1978, as shown by the attached certificate of death, and that "more than 180 days have elapsed since the death of said defendant and no substitute of the deceased defendant has been made."

It was error to dismiss appellant's action against Morton on those grounds. Neither Code § 81A-125 (a) (1) nor any other provides that unless a proper party is substituted within 180 days of one party's *death,* the action against him is subject to dismissal. Except as provided in Code § 81A-125 (a) (1) and at Code § 81A-141 (b), see *Jernigan v. Collier,* 234 Ga. 837, 839 (218 SE2d 556), there is no established time limitation within which one litigant may move to substitute a proper party for another who dies during litigation. The time restriction provided in Code § 81A-125 (a) (1) is merely that if there is a suggestion of death in the record, then the movant who would substitute must do so within 180 days of the service of the suggestion of death upon him. See *Anderson v. Southeastern Capital Corp.,* 243 Ga. 498 (255 SE2d 12). If we perceive the dismissal in this case as being awarded upon the grounds prayed for in appellee's motion before the trial court, it must be reversed as error, prima facie.

2. Both parties indicate by their arguments before this court that the trial court dismissed Berry's action against the deceased appellee Morton for Berry's failure to show excusable neglect in not moving to substitute the proper parties within 180 days after Berry filed a suggestion of death in the record. As there is no transcript of the proceedings below, there is no evidence of the trial court's actual grounds for the dismissal; however, we can

consider the record and the parties' arguments, *U. S. Fidelity &c. Co. v. Ga. Farm &c. Ins. Co.,* 126 Ga. App. 831, 833 (191 SE2d 893), and we are bound to do so in this case to evaluate the errors enumerated by the appellant. *Sheppard v. State,* 138 Ga. App. 597, 598 (226 SE2d 744). The record shows that appellant Berry, plaintiff below, filed a suggestion of death of co-defendant Morton on May 16, 1978, five weeks after Morton had died. The notice does not state the date of Morton's death, appellant contending he was unable to ascertain that fact. Three months later, in August, a hearing was held on the suggestion of death, partaking of the nature of a motion hearing wherein the suggestion of death was denied and dismissed because Berry's attorney did not appear and give evidence that Morton was dead. Morton's attorney did appear at the hearing. Appellant, when he filed the bare suggestion of Morton's death, did not request a hearing, nor does the record indicate he was served with any notice pursuant to Code § 81A-105 (a) that a hearing upon the suggestion of death would occur. The order denying appellant's suggestion of death, filed three months after plaintiff appellant filed the suggestion of death of appellee, states that "the hearing coming on a properly published calendar on plaintiff's motion [sic] for suggestion of death and plaintiff's attorney not submitting evidence . . . said Motion is hereby denied and dismissed." Nothing further appears in the record until six months later, when on February 28, 1979, the deceased appellee's attorney filed the motion to dismiss appellant's action for failure to substitute the proper party, giving therefor the grounds stated in Division 1, above. Two weeks later, appellant filed his motion for substitution of defendant, but on April 2, the trial court dismissed appellant's action against the deceased appellee.

As explained in *Anderson v. Southeastern Capital Corp.,* supra, at p. 499, "the procedure for suggestion of death is for the protection of the . . . respondent to the motion for substitution of parties and is for the purpose of enabling this prospective respondent to place a limitation upon the period of time during which the movant may seek substitution of parties. . . The burden is upon the

[deceased's representative], not upon the movant, to invoke the limitation." Appellant Berry, as the movant seeking to substitute the proper party, was not *required* by Code § 81A-125 (a) (1) to make the suggestion of death although he is permitted to do so; his making the suggestion of death was "anomolous, unnecessary and gratuitous, since the effect of its filing was to limit the time [within] which the motion for substitution could be made . . ." *Anderson,* supra, p. 500. Nevertheless, appellant made the suggestion of appellee's death. We are mystified as to why the trial court treated it as a motion or permitted it to be traversed, if it was, since the suggestion of death is not an adversarial matter, but in proper use is intended as a formal pleading by which a deceased party's representative gives notice to the court of the death, and establishes a time limit within which a substitution of proper parties can be made. See *Anderson,* supra; and *Mullis v. Bone,* 143 Ga. App. 407, 410-11 (238 SE2d 748). Nevertheless, the suggestion was "heard" and either at the behest or, at the very least, with the concurrence of the deceased's attorney, the suggestion of death was denied as not proven. The court's order and the record are silent as to why the deceased's attorney, who was present at the hearing, denied or refused to concede his client's death, but the fact is that he did, since the court held that the death was not proved. We are not prepared to hold that the trial court was without authority to deny and dismiss the suggestion. or that the ruling was a nullity, for, although Code § 81A-125 (a) (1) does not provide it, we think there may be great merit in any proceeding wherein one party can protest the other's assertion that he is dead. For whatever reason in this case, the deceased's attorney ex parte induced or concurred in the removal of the suggestion of his client's death from the record. Since it was not necessary for Berry to make the suggestion in the first instance, and in fact doing so merely set upon himself a time limit for the substitution of parties ( *Anderson,* supra), to what possible advantage should he have complained of the court's dismissal from the record of the suggestion of death? The deceased appellee, in urging or concurring in the dismissal of the suggestion, has removed his own protection, and removed the limitation

upon the period of time within which the appellant could move to substitute the proper party. Appellant Berry could then proceed without making a suggestion of Morton's death, and without time limitation under Code § 81A-125 (a) (1), to move to substitute the proper parties.

If the reasoning here is hardly usual, neither were the proceedings below which resulted in this appeal. The deceased appellee having, metaphorically speaking, slapped the appellant going in, we think it would be unfair to let him slap the appellant going out. We therefore hold that it was error for the trial court to assume as a fact in the record the suggestion of death which it had previously denied, and on the strength thereof dismiss the plaintiff's case for failure to substitute a proper party within 180 days. As there was no longer a suggestion of death pending in the record, there was no time limitation pursuant to Code § 81A-125 (a) (1) within which the plaintiff had to move to substitute a proper party for the deceased appellee. For the reasons stated, the trial court erred in dismissing Berry's cause of action against Morton.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 10, 1979 — DECIDED NOVEMBER 1, 1979.

*Jesse M. Cleveland, Jr.,* for appellant.
*Arthur M. Kaplan,* for appellees.