## 65679. DUBBERLY v. NAIL.

SHULMAN, Chief Judge.

Appellant instituted this action on November 18, 1980, seeking to recover damages for alleged wrongful interference with his right to visit the burial ground of his wife, his child, and other relatives. The defendant to the action, I.C. Nail, died in June 1981. On July 8, 1981, appellant filed with the record a suggestion of the death of I.C. Nail, and served the suggestion on Nail's counsel pursuant to certificate of

service by mail dated July 7, 1981. No personal service on Rafael C. Nail, the executor of defendant's estate, appears of record. No suggestion of death was made of record by any other person. On September 16, 1982, appellant filed a motion to substitute Rafael C. Nail as a party defendant. This document was likewise served on only I.C. Nail's counsel pursuant to a certificate of service by mail. I.C. Nail's attorney subsequently filed on behalf of the executor a motion to dismiss the action for failure to substitute him as a party defendant within 180 days of the record filing of the suggestion of death.

The trial court dismissed the action pursuant to OCGA § 9-11-25 (a) (1) (Code Ann. § 81A-125). The trial court's order explained that "[i]nasmuch as [Nail's counsel] has represented [Nail's] executor in this action, the court . . . [equates] such service with service upon the executor himself." The trial court also concluded that appellant had no standing to raise the alleged failure of service on the executor, and that appellant presented no justification for the delay in instituting the substitution proceedings. Appellant has taken a timely appeal from the judgment of the trial court.

1. The sole basis for appellant's attack on the trial court's dismissal of the action is premised on the holding of the Supreme Court in *Anderson v. Southeastern Capital Corp.,* 243 Ga. 498 (255 SE2d 12), which affirmed this court's holding in 148 Ga. App. 164 (1) (251 SE2d 55). In *Anderson,* the Supreme Court approved this court's conclusion that the 180-day period for making a motion for substitution pursuant to OCGA § 9-11-25 (a) (1) (Code Ann. § 81A-125) is computed from the date of service and stated that "service was not accomplished until the statement of the fact of the death was personally served upon [the decedent's representative]." 243 Ga. 498, 499, supra. The court based this portion of its decision on OCGA § 9-11-25 (a) (1) (Code Ann. § 81A-125), which requires service of the suggestion and service of the motion for substitution of parties to be effected upon persons not parties in the manner provided in OCGA § 9-11-4 (Code Ann. § 81A-104) for the service of a summons. Consequently, the Supreme Court clearly held in *Anderson* that the 180-day limitation contained in OCGA § 9-11-25 (a) (1) (Code Ann. § 81A-125) is not triggered when the surviving party to an action initiates the suggestion of death until personal service of the suggestion of death is made upon the non-party representative of the deceased litigant's estate.

In the present case, the record shows no personal service of the suggestion of death upon Nail's executor; thus, the 180-day limitation never commenced. Pursuant to *Anderson,* the trial court erred in dismissing the action under OCGA § 9-11-25 (a) (1) (Code Ann. § 81A-125).

2. We disagree with the trial court that service of the suggestion on Nail's attorney, who later represented the executor in seeking dismissal of the action, constituted service upon the executor. The executor has never been a party to this action, and *Anderson* is clear in its mandate that the personal service requirements of OCGA § 9-11-4 (d) (7) (Code Ann. § 81A-104) must be complied with before the 180-day limitation period commences where service on a non-party is required by OCGA § 9-11-25 (a) (1) (Code Ann. § 81A-125). Noteworthy in this regard is the fact that the plaintiff in *Anderson* initially served its suggestion and motion on "an attorney . . . who was alleged to be the attorney for the executrix, and upon counsel of record for the deceased." 243 Ga. 498. Nevertheless, the 180-day limitation did not commence until "[s]ervice was perfected upon the executrix by a deputy sheriff some nine months after the filing of the motion and statement." Id.

3. We also disagree that appellant lacks "standing" to raise the defective service on the executor. Appellant simply failed to invoke the limitation period contained in OCGA § 9-11-25 (a) (1) (Code Ann. § 81A-125) when he filed his suggestion of death. The fact that appellant's dereliction in this regard now inures to his benefit does not change the fact that the limitation period has never commenced.

4. We are unpersuaded by appellee's argument that appellant should be barred from effecting substitution because of the 14-month delay between the filing of the suggestion and the filing of the motion to substitute. Appellee bases this argument on language contained in *Mullis v. Bone,* 143 Ga. App. 407, 410 (238 SE2d 748), in which this court stated that the "burden of ascertaining the proper party to be substituted for a deceased litigant is properly placed on the party who would effect the substitution." While " '[i]t seems quite basic and reasonable that a plaintiff's attorney who receives notification of the defendant's death has the responsibility to promptly initiate the necessary inquiries to determine the identity of a person to be substituted for the deceased defendant, and to file a motion for substitution in accordance' with our Rules of Civil Procedure' " (id., p. 411), that burden does not fall on the plaintiff until a proper notification is received through the filing and service of a suggestion of death in accordance with OCGA § 9-11-25 (a) (1) (Code Ann. § 81A-125). "Except as provided in [OCGA § 9-11-25 (a) (1)] and at [OCGA § 9-11-41 (b)], see *Jernigan v. Collier,* 234 Ga. 837, 839 (218 SE2d 556), there is no established time limitation within which one litigant may move to substitute a proper party for another who dies during litigation." *Berry v. Morton,* 152 Ga. App. 117 (262 SE2d 263). If the executor had desired the protection of the 180-day limitation period, he could have filed a suggestion on the record and served it on

appellant's counsel. OCGA §§ 9-11-25 (a) (1); 9-11-5 (Code Ann. §§ 81A-125; 81A-105); *Anderson,* supra, 243 Ga. 498, 499. Having failed to so act, he cannot complain of lack of diligence on the part of appellant. As was stated by this court in *Anderson,* supra, 148 Ga. App. 164, the computation of the limitation period does not begin on the date of filing of the suggestion of death, notwithstanding appellee's argument to the contrary based on *Mullis v. Bone,* supra; *Jernigan v. Collier,* 134 Ga. App. 137 (213 SE2d 495); and *Central Mut. Ins. Co. v. Wofford,* 145 Ga. App. 836 (244 SE2d 899), revd. on other grounds, 242 Ga. 338 (2) (249 SE2d 21).

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 22, 1983.

*William A. Zorn,* for appellant.
*James G. Johnson, Jr.,* for appellee.