## 67856. RIDLEY v. POLK BROTHERS CONSTRUCTION COMPANY et al.

BANKE, Judge.

William Ridley filed this personal injury action after his automobile collided with a truck allegedly owned by one defendant and operated by another. Mr. Ridley subsequently died; and on February 10, 1983, the defendants filed a suggestion of death pursuant to OCGA § 9-11-25. However, there is no indication that this pleading was ever served in accordance with that code section. On March 3, 1983, Mrs. Ridley, the appellant herein, filed a motion seeking to be substituted as plaintiff in her capacity as heir of Mr. Ridley's estate. The record contains no indication that this pleading was ever served, either. On July 21, 1983, the defendants moved to dismiss the complaint on the ground that there had been no substitution "during the statutory period of time." Mrs. Ridley appeals the grant of that motion. *Held*:

OCGA § 9-11-25 (a) (1) provides as follows: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made

by any party or by the successors or representative of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in Code Section 9-11-5 and upon persons not parties in the manner provided in Code Section 9-11-4 for the service of a summons. Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of death, the action shall be dismissed as to the deceased party."

The trial court's dismissal was apparently based on Mrs. Ridley's failure to serve her motion to substitute parties upon the defendants within 180 days of the filing of the suggestion of death. However, it is clear from the language of the code section that the suggestion of death is itself ineffective until served. See *Anderson v. Southeastern Capital Corp.*, 243 Ga. 498, 499 (255 SE2d 12) (1979). "[T]he Supreme Court clearly held in *Anderson* that the 180-day limitation contained in OCGA § 9-11-25 (a) (1) (Code Ann. § 81A-125) is not triggered . . . until personal service of the suggestion of death is made upon the non-party representative of the deceased litigant's estate." *Dubberly v. Nail*, 166 Ga. App. 378, 379 (304 SE2d 504) (1983). As the record in the present case shows no such service, the 180-day limitation period never commenced running, and the trial court erred in dismissing the complaint.

*Judgment reversed. Shulman, P. J., and Pope, J., concur.*

DECIDED MARCH 16, 1984.

Mrs. William Ridley, *pro se.*
Robert L. Waycaster, Jr., for appellees.