69467. BLEDSOE v. SUTTON.
(329 SE2d 589)

McMURRAY, Presiding Judge.

This action for damages arising from injuries to the person was filed on behalf of David Bledsoe (plaintiff) on July 19, 1982. On September 23, 1983, defendant filed with the record a suggestion of the death of David Bledsoe and served the suggestion on Bledsoe's counsel pursuant to certificate of service by mail dated September 22, 1983.

Defendant filed his motion to dismiss for failure to substitute the estate of the plaintiff on April 20, 1984. The superior court, after consideration of the record and arguments of counsel concluded, "that a Suggestion of the Fact of Death was filed on the record on September 23, 1983. No motion to substitute the Estate of the plaintiff or a successor in interest as plaintiff was filed in this Court within 180 days as required by law. *O.C.G.A.* Section 9-11-25 (a)." Based on these conclusions the superior court granted defendant's motion to dismiss. *Held:*

The record shows no personal service of the suggestion of death upon the non-party representative of Bledsoe's estate. Thus, the 180-day limitation of OCGA § 9-11-25 (a) (1) never commenced. The trial court erred in dismissing the action under OCGA § 9-11-25 (a) (1). *Dubberly v. Nail,* 166 Ga. App. 378 (304 SE2d 504); *Anderson v. Southeastern Capital Corp.,* 243 Ga. 498 (255 SE2d 12).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

ON MOTION FOR REHEARING.

The last sentence of former Code Ann. § 81A-125 (a) (1) provided: "Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death *as provided herein for the service of the motion,* the action shall be dismissed as to the deceased party." (Emphasis supplied.) The words emphasized were omitted in OCGA § 9-11-25 (a) (1). The defendant argues on motion for rehearing that the omission of these words reflects an intent on the part of the legis-

lature to alter the substantive meaning of this sentence. However, this conclusion conflicts with the legislative intent as expressed in OCGA § 1-1-2. See in this regard *Porter v. State*, 168 Ga. App. 703 (309 SE2d 919).

*Motion for rehearing denied.*

DECIDED MARCH 13, 1985 —
REHEARING DENIED MARCH 28, 1985 — 

*Sonja L. Salo*, for appellant.
*Michael K. Jablonski, Tash J. Van Dora*, for appellee.