## 71800. HARVEY v. OLIVER.
(341 SE2d 917)

BANKE, Chief Judge.

The appellant, Brenda Harvey, sued the named appellee, Horace Oliver, to recover for personal injuries she allegedly sustained in an automobile accident. On October 18, 1983, Oliver's attorneys filed a "Suggestion of Death," stating that their client had died on March 7, 1983. On April 13, 1984, less than 180 days later, the appellant filed a motion to substitute one Aron G. Weiner as defendant, in his alleged capacity as temporary administrator of Horace Oliver's estate. On December 19, 1984, the trial court denied this motion on the ground that the temporary letters of administration submitted by the appellant in support thereof did not specify that Weiner had been appointed temporary administrator of the estate of Horace Oliver but that he had been appointed temporary administrator of the estate of one Horace Oliver Hill.

On April 4, 1985, the appellant filed a second motion for the substitution of Aron G. Weiner as defendant, this time submitting a copy of a probate court order dated March 30, 1984, correctly naming Weiner as temporary administrator of the estate of Horace Oliver rather than of Horace Oliver Hill. The trial court denied this second motion for substitution on the ground that it had not been filed within 180 days from the date of service of the suggestion of death, as required by OCGA § 9-11-25. In addition, the court granted a motion by the deceased appellee for dismissal of the action. This appeal followed. *Held:*

1. The appellant contends that under *Anderson v. Southeastern Capital Corp.*, 243 Ga. 498 (255 SE2d 12) (1979), the 180-day limitation period for filing a motion for substitution of a deceased party never began to run in this case, because the suggestion of death was never personally served on the representative of the decedent's estate.

OCGA § 9-11-25 provides, in pertinent part, as follows: "(a) *Death.* (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in Code Section 9-11-5 and upon persons not parties in the manner provided in Code Section 9-11-4 for the service of a summons. Unless the motion for substitution is made not later than 180 days after the death is

suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party."

In *Anderson v. Southeastern Capital Corp.*, supra, the Supreme Court held that although nothing in the code section requires a surviving party to file a suggestion of death as a prerequisite to moving for substitution of a deceased litigant, if he for some reason chooses to file a suggestion of death, the 180-day limitation period for filing a motion for substitution is not thereby triggered unless and until the suggestion is personally served upon the non-party representative of the deceased party's estate. See also *Dubberly v. Nail*, 166 Ga. App. 378, 379 (304 SE2d 504) (1983); *Ridley v. Polk Bros. Constr. Co.*, 170 Ga. App. 349, 350 (317 SE2d 326) (1984). It does not follow from this holding that if the non-party representative of a deceased party's estate seeks to trigger the 180-day limitation period by filing a suggestion of death, he must first contrive to have the suggestion personally served on himself. Indeed, such a requirement would be totally nonsensical.

2. In *Mullis v. Bone*, 143 Ga. App. 407 (1) (238 SE2d 748) (1977), this court held that there is no requirement that the person filing the suggestion of death be a successor or representative of the deceased party's estate and that the attorney who formerly represented the deceased party in the action is consequently authorized to make the filing. It follows that the filing of the suggestion of death in the present case, and its concurrent service by mail on counsel for the appellant pursuant to OCGA § 9-11-5, effectively commenced the running of the 180-day limitation period. Notwithstanding this conclusion, however, we hold that the trial court erred in denying the appellant's second motion for substitution and in dismissing the complaint.

The first motion for substitution, which was timely filed, was deemed inadequate by the trial court solely due to the fact that the temporary letters of administration issued by the probate court identified the deceased as Horace Oliver Hill rather than Horace Oliver. The second motion for substitution revealed this to have been nothing more than a clerical error on the part of the probate court. The rules set forth in the Civil Practice Act are intended to promote the prompt and efficient administration of justice based on the substantive rights of the parties, rather than on the basis of technicalities which bear no relationship to the merits of the litigation. See *Ambler v. Archer*, 230 Ga. 281, 286-287 (196 SE2d 858) (1973); *Mundt v. Olson*, 155 Ga. App. 145 (270 SE2d 344) (1980). This purpose would quite clearly be frustrated by the dismissal of the present action based on the failure of the appellant to file a motion for substitution within 180 days of the filing of the suggestion of death, since such a motion was in fact filed. Under the circumstances, we hold that the appellant's second motion for substitution should have been treated

either as the equivalent of a meritorious motion for reconsideration of the denial of the first motion, based on the probate court's correction of its clerical error, or as a permissible late filing based on excusable neglect. See *Jernigan v. Collier*, 234 Ga. 837 (2) (218 SE2d 556) (1975). The dismissal of the complaint is accordingly vacated, with direction that the appellant be allowed to substitute the duly constituted representative of the deceased defendant's estate as the defendant in this action.

*Judgment vacated and case remanded with direction. Birdsong, P. J., and Benham, J., concur. Sognier, J., disqualified.*

DECIDED FEBRUARY 27, 1986 — 

*Richard D. Phillips*, for appellant.
*A. Martin Kent, Charles W. Brannon, Jr.*, for appellee.