73343. LUDY v. GIDDENS et al.
(354 SE2d 703)

McMURRAY, Presiding Judge.

William Ludy brought this medical malpractice action against defendants on March 26, 1985. Defendants answered the complaint

and denied the material allegations set forth therein. Thereafter, on September 20, 1985, William Ludy's attorney notified the court and all parties that plaintiff died on September 13, 1985. No motion for substitution of parties was made within the next 180 days. Accordingly, defendants moved to dismiss the complaint. Service of the motion to dismiss was made upon William Ludy's attorney.

Ludy was not married at the time of his death. He was survived by an adult child and his mother, Mamie Ludy. Mrs. Ludy became executrix of the estate of her son and on June 2, 1986, she moved, through her own counsel, to be substituted as the plaintiff in this case. Holding that no showing of excusable neglect was made by the executrix, citing *Jernigan v. Collier*, 234 Ga. 837, 840 (2) (218 SE2d 556), the trial court granted defendants' motions to dismiss the complaint since the motion for substitution was not brought within the 180-day time period. OCGA § 9-11-25 (a) (1). This appeal followed. *Held*:

Notice is the pulse beat of due process. "When notice is required by law to be given to a party who has the right or is required to in some way act or respond to the notice within a prescribed period of time, the date of the notice must run from the date of its receipt unless there is express statutory provision to the contrary." *Hamilton v. Edwards*, 245 Ga. 810, 812 (267 SE2d 246).

"The record shows no personal service of the suggestion of death upon the non-party representative of [William Ludy's] estate. Thus, the 180-day limitation of OCGA § 9-11-25 (a) (1) never commenced. The trial court erred in dismissing the action under OCGA § 9-11-25 (a) (1). *Dubberly v. Nail*, 166 Ga. App. 378 (304 SE2d 504); *Anderson v. Southeastern Capital Corp.*, 243 Ga. 498 (255 SE2d 12)." *Bledsoe v. Sutton*, 174 Ga. App. 248 (329 SE2d 589).

*Judgment reversed. Pope, J. concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 11, 1987.

*Thomas E. Maddox, Jr.*, for appellant.
*John T. Minor III, L. Hugh Kemp, Stephen B. Farrow*, for appellees.