A89A1756. BINNS v. BINNS et al.
(388 SE2d 385)

DEEN, Presiding Judge.

Luther Binns commenced this action against the appellees on February 25, 1988, seeking damages for injuries sustained in an automobile collision on June 16, 1987. Binns died on April 15, 1988, and his attorney filed a suggestion of death on June 6, 1988. On December 8, 1988, the attorney filed a motion for extension of time for substitution of a party, on the grounds that no executor for Binns's estate had been appointed. The appellant, Horace Binns, was appointed executor of Luther Binns's estate on April 3, 1989, and moved for substitution as plaintiff on April 25, 1989.

The appellees had moved for dismissal of the complaint on December 19, 1988, on the grounds that more than 180 days had passed since the suggestion of death was filed, without any motion for substitution of party having been made. The trial court entered an order on May 5, 1989, granting that motion, and this appeal followed. *Held*:

"[T]he procedure for suggestion of death is for the protection of the prospective respondent to the motion for substitution of parties and is for the purpose of enabling this prospective respondent to place a limitation upon the period of time during which the movant may seek substitution of parties." *Anderson v. Southeastern Capital Corp.,* 243 Ga. 498, 499 (255 SE2d 12) (1979). OCGA § 9-11-25 (a) (1) provides that a motion for substitution must be filed within 180 days of the suggestion of death. However, this court has concluded that the 180-day limitation of OCGA § 9-11-25 (a) (1) does not commence until the non-party representative of the estate has been served with the suggestion of death. *Bledsoe v. Sutton,* 174 Ga. App. 248 (329 SE2d 589) (1985). We are unpersuaded by the appellees' contention that this rule is inapplicable where the plaintiff's attorney, and not the defendants', filed the suggestion of death. As the plaintiff's estate did

not even have a representative until April 3, 1989, the trial court erred in dismissing the complaint.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 2, 1989 —
REHEARING DENIED NOVEMBER 16, 1989 —

*Smith & Polstra, Keith A. McIntyre,* for appellant.
*Brock & Clay, Marjorie M. Rogers, Greg P. Counts,* for appellees.