A90A1720. HESLEN v. HESLEN et al.
(404 SE2d 592)

COOPER, Judge.

This appeal follows the trial court's grant of a writ of scire facias to revive a dormant judgment. On February 19, 1981, appellees were awarded a judgment of $9,000 in damages and $4,500 in attorney fees on their complaint for the appointment of a receiver, an accounting and attorney fees. The judgment resulted after the trial court struck appellant's answer and entered a default judgment based upon appellant's failure to answer interrogatories. The trial court denied appellant's motion to set aside judgment or motion for new trial, and appellant's appeal of the judgment to this court was dismissed on February 18, 1982, because appellant failed to file an enumeration of error and brief. The judgment was entered on the general execution docket on April 15, 1982, and was dormant when the petition for scire facias was filed on August 18, 1989, within the three years required by OCGA § 9-12-61. This appeal was filed pro se.

1. Appellant's first six enumerations of error pertain to the February 1981 judgment and re-assert the identical issues raised in the previous appeal to this court. A grant of a writ of scire facias does not authorize the examination of the original judgment's validity. *Mitchell v. Chastain Fin. Co.,* 141 Ga. App. 512, 515 (3) (233 SE2d 829) (1977). "On the general principle of res judicata (which applies equally to proceedings by scire facias as to any other action or suit), and on the further ground that this method of reviving a judgment is merely a supplementary step in the original action, the defendant is absolutely precluded from going behind the judgment and offering in defense to the scire facias any matter which existed before the rendition of the original judgment and might have been presented in the former proceeding. In no case and under no circumstances can the merits of the original judgment be inquired into by the defendant on a writ to revive it. [Cits.]" *Mitchell,* supra. Accordingly, the issues raised in these six enumerations of error will not be considered in this appeal.

2. In his seventh enumeration of error, appellant contends that since one of the appellees died and no substitution or suggestion of death appears on the record, the renewed judgment is invalid because she is still listed as a plaintiff. OCGA § 9-11-25 (a) (1) provides that "unless a motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party." Because there has been no personal service of the suggestion of death in the instant case, the 180-day limitation never commenced, and the renewed judgment is not invalid. See *Ludy v. Giddens*, 182 Ga. App. 111, 112 (354 SE2d 703) (1987).

3. Pursuant to OCGA § 5-6-6, appellees petition this court for the assessment of attorney fees for frivolous appeal. The record on appeal does not establish that the appeal was filed for purposes of delay only; therefore, appellees' motion is hereby denied. See *Sayler Marine Corp. v. Dixie Metal Corp.*, 194 Ga. App. 853 (3) (392 SE2d 45) (1990).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 25, 1991 —
REHEARING DENIED MARCH 26, 1991 —

Richard Heslen, *pro se.*
*Timothy S. Mirshak, Leland M. Malchow*, for appellees.