A94A1828. NORTHSIDE CORPORATION et al. v. MOSBY et al.
(449 SE2d 6)

BEASLEY, Presiding Judge.

Mosby was arrested for issuing a bad check based on the testimony of Frankie Lee. The criminal charge against Mosby was later dismissed and Mosby sued Lee for malicious prosecution.

On December 17, 1992, Lee died. Lee's attorney filed a statement of the fact of Lee's death with the clerk of superior court on January 13, 1993, which was served on Mosby's counsel on January 11, 1993. On July 29, 1993, Lee's attorney filed a motion to dismiss the complaint as to Lee on the ground that Mosby had failed to substitute the proper party defendant within 180 days after the death of Lee was suggested upon the record, as required by OCGA § 9-11-25 (a) (1).

Mosby opposed the motion to dismiss on the ground that the suggestion of Lee's death was not served on the non-party representative of Lee's estate. Lee's attorney then filed a supplemental brief in support of the motion to dismiss. Attached to the brief was an acknowledgment of service, executed on September 24, 1993, in which the executrix of Lee's estate stated that she had been served with the suggestion of death on or about January 13, 1993 (prior to her appointment) and on February 26, 1993 (at the time of her appointment). The executrix also waived any further service. Neither the January nor February service of the suggestion of death was reflected in the record prior to the acknowledgment of service being filed in September.

The trial court denied the motion to dismiss on November 1, 1993. Subsequently, the trial court granted Mosby's motion for substitution of party by order filed February 18, 1994, for which a certificate of immediate review was issued. We granted defendants' application for interlocutory review.

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Code Section 9-11-5 and upon persons not parties in the manner provided in Code Section 9-11-4 for the service of a summons. *Unless the motion . . . is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party.*" (Emphasis supplied.) OCGA

§ 9-11-25 (a) (1). Mosby does not argue that he failed to timely file because of excusable neglect, see *King v. Green*, 189 Ga. App. 105 (375 SE2d 53) (1988), and the only issue is whether OCGA § 9-11-25 (a) (1) required dismissal.

Defendants contend that the 180-day limitation provided in OCGA § 9-11-25 (a) (1) commenced on February 26, 1993, the date of service of the statement of death upon the executrix, as reflected in the acknowledgment of service. Mosby counters that the 180-day limitation period does not commence until personal service of the statement of death upon the non-party representative of the decedent's estate is reflected on the record. Otherwise the plaintiff has no notice that the estate's representative has been served with the statement and that plaintiff must move to substitute that person within 180 days.

By the language of OCGA § 9-11-25 (a) (1), the 180-day limitation period commences when the suggestion of death is made "upon the record by service of a statement of the fact of the death." Service of the suggestion of death must be made not only upon the parties to the suit but also upon the non-party representative of the decedent's estate. The record as to the suggestion of death is not complete until the non-party representative is served with the suggestion, and the 180-day limitation is not triggered until the representative is served. *Binns v. Binns*, 193 Ga. App. 554 (388 SE2d 385) (1989); *Bledsoe v. Sutton*, 174 Ga. App. 248 (329 SE2d 589) (1985); *Ridley v. Polk Bros. Constr. Co.*, 170 Ga. App. 349 (317 SE2d 326) (1984); *Dubberly v. Nail*, 166 Ga. App. 378, 380-381 (4) (304 SE2d 504) (1983); see also *Ludy v. Giddens*, 182 Ga. App. 111 (354 SE2d 703) (1987) (physical precedent only).

The requirement that substitution of a party be effected within the limitation period is to protect the executor by "enabling this prospective respondent to place a limitation upon the period of time during which the movant may seek substitution of parties. [Cit.] . . . The burden is upon the executrix, not upon the movant, to invoke the limitation. [Cit.]" *Anderson v. Southeastern Capital Corp.*, 243 Ga. 498, 499 (255 SE2d 12) (1979); see also *King v. Green*, supra. As said in *Dubberly*, supra at 380-381 (4): "While ' "(i)t seems quite basic and reasonable that a plaintiff's attorney who receives notification of the defendant's death has the responsibility to promptly initiate the necessary inquiries to determine the identity of a person to be substituted for the deceased defendant, and to file a motion for substitution in accordance with our Rules of Civil Procedure" ' [cit.], that burden does not fall on the plaintiff until a proper notification is received through the filing and service of a suggestion of death in accordance with OCGA § 9-11-25 (a) (1). . . . If the executor had desired the protection of the 180-day limitation period, [s]he could have filed a

suggestion on the record and served it on appellant's counsel. [Cits.] Having failed to so act, [s]he cannot complain of lack of diligence on the part of appellant."

It follows that service upon that person must appear in the record before it can be determined that "the death is suggested upon the record by service of a statement of the fact of the death" as required by OCGA § 9-11-25 (a) (1). The burden to substitute cannot be placed upon the movant without notice that the limitation period has begun to run.

Between February, when service was performed on Lee's executrix, and September, when Mosby was informed that service had been performed, the record showed no service on her. During those seven months, Mosby had no way of knowing that the 180-day limitation had, according to the interpretation defendants advance, commenced because of the February service. For those seven months, the record appeared exactly as it did in cases such as *Binns* and *Bledsoe*, supra; there was no recorded indication of service on the estate's representative. The law does not require the result sought by defendants that it was too late for plaintiff to react to the service of the executrix and preserve the suit.

OCGA § 9-11-25 (a) (1) requires that the record reflect that the suggestion of death has been served upon all necessary parties, including the non-party representative of the estate, before the 180-day limitation begins to run. Until the record as to service is perfected, there is no duty to substitute; an acknowledgment of service for this purpose does not relate back to the day of service but starts the limitation period when the acknowledgment is filed.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED OCTOBER 6, 1994.

*Fine & Block, Paul R. Jordan,* for appellants.
*Thomas & McDonald, Diana McDonald,* for appellees.