A10A0660. VINCENT et al. v. CASEY et al.
(699 SE2d 87)

ADAMS, Judge.

Appellants Benjamin Hill Vincent, Individually, and the estate of Benjamin Hill Vincent, formerly an incapacitated adult, brought suit against John Jolley and others who had previously been appointed Vincent's guardians, as well as the companies who had issued them surety bonds. Jolley died on August 16, 2007, and a suggestion of death was filed several days after his death on August 24, 2007. All attorneys of record for the parties were served by mail.

Sandra D. Jones, Jolley's daughter, was appointed personal representative of Jolley's estate on or about August 30, 2007. However, she was never served with the suggestion of death. On November 18, 2009, a motion to dismiss Jolley as a party defendant was filed by co-defendant Ronald Casey based on the failure to substitute a proper party within 180 days following the suggestion of death. See OCGA § 9-11-25 (a) (1). The personal representative of Jolley's estate executed a written acknowledgment of service of the motion and did not oppose Jolley's dismissal as a party defendant in the case. Vincent opposed the motion, and argued at the hearing that Jolley should not be dismissed because service of the suggestion of death had never been made on the personal representative and thus the 180 days during which a motion to substitute had to be made had not begun to run. The trial court granted the motion, and Vincent appeals.

OCGA § 9-11-25 (a) (1) provides for the substitution of a party who dies during the pendency of litigation as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in Code Section 9-11-5 and upon persons not parties in the manner provided in Code Section 9-11-4 for the service of a summons. Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party.

It is well established that the 180-day period during which a motion to substitute must be made to avoid possible dismissal of a deceased party to litigation does not commence to run until service is made upon the nonparty representative of the estate of the deceased and that service is reflected upon the record. E.g., *Anderson v. Southeastern Capital Corp.*, 243 Ga. 498 (255 SE2d 12) (1979); *Dubberly v. Nail*, 166 Ga. App. 378, 379 (1) (304 SE2d 504) (1983); see also *Binns v. Binns*, 193 Ga. App. 554, 554-555 (388 SE2d 385) (1989); *Ludy v. Giddens*, 182 Ga. App. 111, 112 (354 SE2d 703) (1987) (physical precedent only); *Bledsoe v. Sutton*, 174 Ga. App. 248 (329 SE2d 589) (1985); *Ridley v. Polk Brothers Constr. Co.*, 170 Ga. App. 349 (317 SE2d 326) (1984).

Appellees argue, however, that because language requiring that service of the suggestion of death be made "as provided herein for the service on the motion [to substitute]" (Ga. Code Ann. § 81A-125 (a) (1)), was removed following our Supreme Court's decision in *Anderson*, later cases which followed it have been "superseded" and we should no longer follow those cases or adhere to "stringent and unnecessary" service requirements on the nonparty personal representative. However, under both the former and current versions of the statute, the suggestion of death must be made "*upon the record by service* of a statement of the fact of the death. . . ." As we explained in *Northside Corp v. Mosby*, 214 Ga. App. 806 (449 SE2d 6) (1994),

> [b]y the language of OCGA § 9-11-25 (a) (1), the 180-day limitation period commences when the suggestion of death is made "upon the record by service of a statement of the fact of the death." Service of the suggestion of death must be made not only upon the parties to the suit but also upon the non-party representative of the decedent's estate. The record as to the suggestion of death is not complete until the non-party representative is served with the suggestion, and the 180-day limitation is not triggered until the representative is served.

Id. at 807. Thus, we find that omission of language requiring that the suggestion of death be served in the same manner as the motion to substitute did not alleviate the requirement of service upon the nonparty personal representative in order for the death to be suggested on the record and the 180 days triggered. In this case, the personal representative was never served with the suggestion of death. Thus, the trial court erred by granting the motion to dismiss Jolley as a party defendant.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 8, 2010.

*Louis Levenson, Dylan Littlejohn*, for appellants.
*William M. Akin*, for appellees.