## A10A1266. SCHLAMPP v. McMAHON.

(699 SE2d 758)

BLACKBURN, Senior Appellate Judge.

Robert Schlampp, D. C., appeals from the dismissal of his claims against Kevin McMahon, D. C., asserting that the trial court erred in holding: (1) that the statutorily prescribed 180-day time period for substituting a party after death is suggested on the record begins to run from the time the suggestion of death is filed, rather than from the time it is served on the executor of the deceased party's estate; and (2) that Schlampp's motion to substitute the executrix of Dr. McMahon's estate was therefore untimely. We agree and therefore reverse the trial court's order. Georgia law is clear that the 180-day period does not commence until a nonparty representative of a deceased party's estate has been personally served with a suggestion of death. Because the executrix of Dr. McMahon's estate was not personally served with the suggestion of death until after the motion for substitution was filed, that motion was timely, and the trial court erred in dismissing Schlampp's claims.

"This appeal presents a question of law, which we review de novo." (Punctuation omitted.) *Atlanta Women's Health Group v. Clemons*.[1]

The record shows that in April 2005, Schlampp filed a complaint against Dr. McMahon (his former partner) and Alpharetta Spine and Physical Medicine, LLC ("ASPM"), asserting claims for breach of contract. Dr. McMahon died in December 2006, and his wife, Kimberly McMahon, was named as the executrix of his estate. Schlampp then filed a suggestion of death on January 22, 2007 and served the same on opposing counsel; he did not, however, personally serve the suggestion of death on Mrs. McMahon, as the executrix of Dr. McMahon's estate. In February 2007, the trial court granted the parties' joint motion to stay the action, pending substitution of Dr. McMahon's representative. On October 16, 2008, Schlampp moved to substitute Mrs. McMahon for Dr. McMahon, and the trial court granted that motion.

Approximately five months later, both Mrs. McMahon and ASPM moved to set aside the substitution order and to dismiss Schlampp's claims against Dr. McMahon, arguing that the motion to substitute was untimely. Before any ruling on the motion to set aside, Schlampp personally served the suggestion of death on Mrs. McMahon on August 3, 2009, and filed an affidavit of service that same day.

---

[1] *Atlanta Women's Health Group v. Clemons*, 299 Ga. App. 102, 102 (681 SE2d 754) (2009).

The trial court granted the motion to set aside the substitution order and to dismiss the claims against Dr. McMahon, finding that OCGA § 9-11-25 (a) (1) did not require that Mrs. McMahon be personally served with the suggestion of death to begin the running of the 180-day period for substitution set forth in OCGA § 9-11-25 (a) (1). Rather, that period began when death was suggested upon the record and served on all parties — i.e., on January 22, 2007, when Schlampp filed the suggestion of death. Thus, the trial court concluded that because the motion to substitute Mrs. McMahon as a defendant was not filed until October 2008, the 180-day period had expired. It therefore dismissed Schlampp's claims against Dr. McMahon, but granted a certificate of immediate review. Schlampp then filed an application for an interlocutory appeal, which this Court granted. This appeal followed.

1. OCGA § 9-11-25 (a) (1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in Code Section 9-11-5 and upon persons not parties in the manner provided in Code Section 9-11-4 for the service of a summons. Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party.

This Court has long interpreted the foregoing language as requiring that a nonparty representative of an estate be personally served with the suggestion of death, in the manner provided for service of a summons. See, e.g., *Northside Corp. v. Mosby*;[2] *Heslen v. Heslen*;[3] *Dubberly v. Nail*.[4] "The record as to the suggestion of death is not complete until the non-party representative is [personally] served with the suggestion, and the 180-day limitation is not triggered until the representative is [personally] served." *Northside Corp.*, supra, 214 Ga. App. at 807.

Although the trial court acknowledged the relevant case law, it concluded that it could disregard the same, because it believed such

---

[2] *Northside Corp. v. Mosby*, 214 Ga. App. 806, 807 (449 SE2d 6) (1994).

[3] *Heslen v. Heslen*, 199 Ga. App. 271, 272 (2) (404 SE2d 592) (1991).

[4] *Dubberly v. Nail*, 166 Ga. App. 378, 379 (1) (304 SE2d 504) (1983).

cases were wrongly decided. Specifically, the trial court found that in interpreting OCGA § 9-11-25 (a) (1), this Court had erroneously relied on the Supreme Court of Georgia's decision in *Anderson v. Southeastern Capital Corp.*,[5] which was the first case to hold that the 180-day period for substituting a party did not begin to run until a nonparty representative had been personally served with the suggestion of death. *Anderson*, however, was applying the former Georgia Code § 81A-125 (a) (1), the predecessor to the current OCGA § 9-11-25 (a) (1). Section 81A-125 (a) (1) provided that an action would be dismissed as to a deceased party unless a "motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death *as provided herein for the service of the motion.*" (Emphasis supplied.) See *Anderson v. Southeastern Capital Corp.*[6] This Code section further provided that nonparties must be served "in the manner provided . . . for the service of a summons." See id.

Mrs. McMahon argued, and the trial court found, that the omission of the words emphasized above reflected the legislature's intent to alter the substantive meaning of the sentence — i.e., to eliminate the requirement that a nonparty representative of an estate be personally served with the suggestion of death. This Court, however, has previously considered and rejected this exact argument. See *Bledsoe v. Sutton*.[7] As we explained in *Bledsoe*, Georgia Code § 81A-125 (a) (1) was recodified as the current OCGA § 9-11-25 (a) (1) as part of the enactment of the Official Code of Georgia in 1982. See OCGA § 1-1-1. In enacting the new Code, however, the legislature expressly provided that "[e]xcept as otherwise specifically provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not intended to alter the substantive law in existence on the effective date of this Code." OCGA § 1-1-2. See also *Charter Med. Information Svcs. v. Collins*[8] (the "blanket enactment of the revised Code alone is insufficient to show a legislative intent to effect a substantive change from previous law").

As in *Bledsoe*, we decline in this case to find that the omission of the language in question, standing alone, eliminated the existing requirement that a nonparty representative be personally served with a suggestion of death to commence the running of the 180-day period for the substitution of a party. Indeed, the fact that the legislature has never attempted to correct our interpretation of

---

[5] *Anderson v. Southeastern Capital Corp.*, 243 Ga. 498, 499 (255 SE2d 12) (1979).

[6] *Anderson v. Southeastern Capital Corp.*, 148 Ga. App. 164, 164 (1) (251 SE2d 55) (1978).

[7] *Bledsoe v. Sutton*, 174 Ga. App. 248, 248-249 (329 SE2d 589) (1985) (on motion for rehearing).

[8] *Charter Med. Information Svcs. v. Collins*, 266 Ga. 720, 722 (470 SE2d 655) (1996).

OCGA § 9-11-25 (a) by amending that statute only serves to rein-force our holding in *Bledsoe*.

2. As our holding in Division 1 demonstrates, the 180-day period for substituting Mrs. McMahon did not begin to run until August 3, 2009, when she was personally served with the suggestion of death. The motion for substitution was therefore timely, and the trial court erred in setting aside the substitution order and in dismissing Schlampp's claims against Dr. McMahon. *Dubberly*, supra, 166 Ga. App. at 379 (1).

*Judgment reversed. Barnes, P. J., and Bernes, J., concur.*

DECIDED JULY 19, 2010 — 

*Mary Trachian-Bradley*, for appellant.

*Dyer & Rusbridge, Jeffrey S. Rusbridge, Webb, Tanner, Powell, Mertz & Wilson, Anthony O. L. Powell, Benjamin A. Joffe*, for appellee.