**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 10, 2023**

# In the Court of Appeals of Georgia

A22A1551. WOODRUFF v. JONES.

McFADDEN, Presiding Judge.

Diamond Woodruff appeals the trial court's dismissal of her personal injury action against Terrance Jones. Acting sua sponte and in reliance on OCGA § 9-11-25 (a) (1), the trial court dismissed the action because Woodruff had not filed a motion to substitute a proper party for Jones within 180 days of the filing of a suggestion of Jones's death with the court. We reverse, because this 180-day period does not begin to run until the suggestion of death is personally served upon the nonparty representative of the decedent's estate, and nothing in the record reflects that such service occurred. [1]

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of

The statute on which the trial court relied sets out a method for substituting a proper party for a party who is deceased. It provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in Code Section 9-11-5 and upon persons not parties in the manner provided in Code Section 9-11-4 for the service of a summons. Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party.

OCGA § 9-11-25 (a) (1).

"It is well established that the 180-day period during which a motion to substitute must be made to avoid possible dismissal of a deceased party to litigation does not commence to run until service is made upon the nonparty representative of the estate of the deceased and that service is reflected upon the record." *Vincent v. Casey*, 305 Ga. App. 43, 44 (699 SE2d 87) (2010). See *Schlampp v. McMahon*, 305

_____

disapproving *Harvey v. Oliver, 178 Ga. App. 63 (341 SE2d 917) (1986).*

Ga. App. 312, 313 (1) (699 SE2d 758) (2010) ("The record as to the suggestion of death is not complete until the non-party representative is personally served with the suggestion, and the 180-day limitation is not triggered until the representative is personally served.") (citation and punctuation omitted).

We have applied this well-established rule in situations where the suggestion of a defendant's death was filed with the court by the defendant's counsel but the record did not reflect that it was served upon the nonparty representative of the defendant's estate. *Northside Corp. v. Mosby*, 214 Ga. App. 806, 806-807 (449 SE2d 6) (1994).

We acknowledge that, in an earlier decision, we declined to apply this rule in a situation where the defendant's counsel filed a suggestion of the defendant's death and served it upon the plaintiff's counsel — but not upon a representative of the estate. In that case, *Harvey v. Oliver*, 178 Ga. App. 63 (341 SE2d 917) (1986), we held that those actions "effectively commenced the running of the 180-day limitation period." Id. at 64 (2). We held that a "non-party representative of a deceased party's estate [who] seeks to trigger the 180-day limitation period by filing a suggestion of death, [is not required to] contrive to have the suggestion personally served on himself. Indeed, such a requirement would be totally nonsensical." Id. at 64 (1).

The holding in *Harvey* is clearly correct as to cases where the person filing the suggestion of death is also the representative of the estate. Indeed the assumption that they were the same person is implicit in that part of our decision in that case. But the decision does not explicitly state that they were the same person, and phrasing used in another part of the decision suggests they were *not* the same person.[2] So, to the extent our opinion in *Harvey* holds that a suggestion of death filed by someone *other* than the nonparty representative of the decedent's estate does not need to be served upon that nonparty representative to trigger the 180-day time period in OCGA § 9-11-25 (a) (1), we disapprove of that holding.

Reviewing the record in this case de novo, see *Schlampp*, 305 Ga. App. at 312, we find no indication that a nonparty representative of Jones's estate was personally served with the suggestion of death. The suggestion of death, which Jones's counsel filed with the court on August 10, 2021, contained a certificate of service indicating that it had been served only upon counsel for Woodruff and upon counsel for an insurance company upon which Woodruff had served her complaint.

---

[2]In describing the procedural posture, the decision states that the plaintiff filed a motion to substitute "one Aron G. Weiner" as the defendant in his capacity as the representative of the decedent Oliver's estate after "Oliver's attorneys" filed the suggestion of death, creating the inference that these were different people. Id. at 63.

4

Because the record in this case does not reflect service of the suggestion of death upon a nonparty representative of Jones's estate, the 180-day period set forth in OCGA § 9-11-25 (a) (1) had not yet begun to run. See *Schlampp*, 305 Ga. App. at 313 (1); *Vincent*, 305 Ga. App. at 43; *Northside Corp.*, 214 Ga. App. at 806-807. So the trial court erred in dismissing this action on that ground. See *Schlampp*, 305 Ga. App. at 315 (2); *Dubberly v. Nail*, 166 Ga. App. 378, 379 (1) (304 SE2d 504) (1983).

Given this disposition, we do not reach Woodruff's other claim of error, regarding the trial court's failure to conduct a hearing before dismissing the action.

*Judgment reversed. Gobeil and Land, JJ., concur*.