**FIRST DIVISION**
**BARNES, P. J.,**
**LAND and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 30, 2023**

# In the Court of Appeals of Georgia

A23A1072. TEMPLES et al. v. HITSON.

BARNES, Presiding Judge.

Contested in this appeal is a dismissal order entered under OCGA § 9-11-25 (a) (1), which sets forth procedures for dismissing a case following the death of a party. Because the dismissal was not authorized, we reverse.

On August 17, 2020, Wesley Eric Temples and Cassie Lynn Temples filed the instant action against Milton Hitson. The litigation proceeded through the denial of Hitson's motion for summary judgment. Thereafter, Hitson died, and the attorney who had been retained by him filed with the court a suggestion of death on the next day, June 22, 2022. When 180 days passed without the filing of any motion for substitution (of a deceased party), the same attorney filed on December 27, 2022, a

motion to dismiss this lawsuit under OCGA 9-11-25 (a) (1). That provision, in full, states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in Code Section 9-11-5 and upon persons not parties in the manner provided in Code Section 9-11-4 for the service of a summons. Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party.

Without a hearing, the trial court entered on January 3, 2023 an order dismissing the case. And when the Temples filed a motion for reconsideration, the trial court adhered to the dismissal. This appeal ensued.

At this juncture, the Temples reassert their argument made on motion for reconsideration – that the 180-day statutory period had not been triggered, because the suggestion of death was not served upon any personal representative of Hitson's estate.[1] Indeed, "[i]t is well established that the 180-day period during which a motion

---

[1] "This appeal presents a question of law, which we review de novo." (Citation and punctuation omitted.) *Schlampp v. McMahon*, 305 Ga. App. 312, 312 (699 SE2d 758) (2010).

to substitute must be made to avoid possible dismissal of a deceased party to litigation does not commence to run until service is made upon the nonparty representative of the estate of the deceased and that service is reflected upon the record." (Citation and punctuation omitted.) *Woodruff v. Jones*, 366 Ga. App. 393, 393-394 (883 SE2d 70) (2023).[2] This Court has explained,

> By the language of OCGA § 9-11-25 (a) (1), the 180-day limitation period commences when the suggestion of death is made "upon the record by service of a statement of the fact of the death." Service of the suggestion of death must be made not only upon the parties to the suit *but also upon the non-party representative of the decedent's estate*. The record as to the suggestion of death is not complete until the non-party representative is served with the suggestion, *and the 180-day limitation is not triggered until the representative is served*.

(Emphasis supplied.) *Northside Corp. v. Mosby*, 214 Ga. App. 806, 807 (449 SE2d 6) (1994).[3] "We have applied this well-established rule in situations where[, as here,]

---

[2] See *Vincent v. Casey*, 305 Ga. App. 43, 44 (699 SE2d 87) (2010) (same); *Schlampp*, 305 Ga. App. at 313 (1) ("The record as to the suggestion of death is not complete until the non-party representative is personally served with the suggestion, and the 180-day limitation is not triggered until the representative is personally served.") (citation and punctuation omitted).

[3] See *Anderson v. Southeastern Capital Corp.*, 243 Ga. 498, 499-500 (255 SE2d 12) (1979) (reasoning that although the filing of the statement of the fact of the death by the plaintiff was anomalous, unnecessary and gratuitous, "*by its service upon*

3

the suggestion of a defendant's death was filed with the court by the [lawyer who was retained by the defendant,] but the record did not reflect that it was served upon the nonparty representative of the defendant's estate." *Woodruff*, 366 Ga. App. at 394, citing *Northside Corp.,* 214 Ga. App. at 806-807. "Because the record in this case does not reflect service of the suggestion of death upon a nonparty representative of [Hitson's] estate, the 180-day period set forth in OCGA § 9-11-25 (a) (1) had not yet begun to run. So the trial court erred in dismissing this action[.]" (Citations omitted.) *Woodruff*, 366 Ga. App. at 394-395.[4]

We note that in the "Brief of Appellee," the lawyer who had been retained by Hitson asserts that "throughout this process and to date, there has not been a personal representative appointed over Defendant Hitson's estate," and that "[t]here is no personal representative of Hitson's estate." As the lawyer suggests, "[the Temples]

---

*the executrix . . .* , the 180-day period of limitation was triggered") (emphasis supplied).

[4] Cf. *Stephenson v. Ingram*, 239 Ga. App. 892, 892-893 (522 SE2d 500) (1999) (affirming the dismissal under OCGA § 9-11-25 (a) (1), where the suggestion of death was filed in the record, where all interested parties – including "[the decedent's] widow, as administratrix of his estate" – were notified and served with the suggestion of death, and where the applicable time period for substitution of parties had expired).

could have petitioned for the county administrator to be appointed to continue the litigation as easily as Appellee could have."

But the lack of a personal representative does not provide for an affirmance of the dismissal here.

> While it seems quite basic and reasonable that a plaintiff's attorney who receives notification of the defendant's death has the responsibility to promptly initiate the necessary inquiries to determine the identity of a person to be substituted for the deceased defendant, and to file a motion for substitution in accordance with our Rules of Civil Procedure, that burden does not fall on the plaintiff until a proper notification is received through the filing *and service of a suggestion of death in accordance with OCGA § 9-11-25 (a) (1)*[.]

(Emphasis supplied.) *Dubberly v. Nail*, 166 Ga. App. 378, 380 (4) (304 SE2d 504) (1983).

> Moreover, as the lawyer retained by Hitson has acknowledged,

> A deceased person cannot be a party to legal proceedings. . . . [T]he effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as a party to the proceedings. Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are void as to the decedent.

5

(Citation and punctuation omitted.) *Allen v. Cloudburst Mfg. Co.*, 162 Ga. App. 188, 189 (290 SE2d 529) (1982).[5] See *South DeKalb Family Branch of the Young Men's Christian Assoc. of Metropolitan Atlanta v. Frazier*, 236 Ga. 903, 905 (225 SE2d 890) (1976) (same); *Clark v. Masters*, 297 Ga. App. 794, 794-795 (1) (678 SE2d 538) (2009) ("admoni[shing] that all proceedings occurring in the trial court subsequently to the death of [a party] are as to him . . . void," where no substitution of party was made prior to the judgment contested on appeal) (citation and punctuation omitted).

Given the foregoing precedents, together with the circumstances of this case, the trial court's dismissal of this case under OCGA § 9-11-25 (a) (1) cannot stand.

*Judgment reversed. Land and Watkins, JJ., concur*.

---

[5] Accord *McCarley v. McCarley*, 246 Ga. App. 171, 172 (539 SE2d 871) (2000) (reciting the general propositions that "an estate is not a legal entity which can be a party to legal proceedings" and that "[a]n action by or against an estate must be brought or defended by the legal representative of the estate").